FREMONT C. PECK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78941.   Promulgated April 22, 1936.

*J. Sterling Halstead, Esq.,* for the petitioner.
*George D. Brabson, Esq.,* for the respondent.

OPINION.

ARUNDELL: The respondent disallowed the petitioner's claimed deduction of his contribution to Symes Foundation on the ground that the Foundation does not come within the purview of section 23 (n) of the Revenue Act of 1932. The cited section allows deductions for gifts to any fund or foundation organized and operated exclusively for religious, charitable, or educational purposes.

The matter of a deduction of a contribution to Symes Foundation was before us in a proceeding brought by this petitioner in Docket No. 76293. That proceeding involved the year 1931. There the respondent had allowed the deduction and by amended answer alleged that he erred in so doing. In our opinion in that case we held the respondent's evidence insufficient to affirmatively establish his case. Both parties here take the view that our prior holding is not *res adjudicata* of the issue in this case. We agree with that view. Exemption once allowed does not necessarily carry over to subsequent years. Cf. *D. F. Strickland*, 32 B. T. A. 804. Moreover, the burden of proof in the two cases is different; in the former case the respondent had the burden of proving the Foundation not exempt, while here the petitioner is required to prove his right to a deduction.

The petitioner in this case claims that the Symes Foundation is a charitable, educational, and religious corporation. In order to come within the above cited provision of the statute, the taxpayer must show that the recipient of his contribution is both organized and operated exclusively for the purposes specified by the statute. *J. Noah H. Slee*, 15 B. T. A. 710; affd., 42 Fed. (2d) 184. It is obvious that the Symes Foundation itself was not operated exclusively for the specified purposes. It conducted no charitable, educational, or religious enterprises and gave no aid financially or otherwise to any other organization that did. Its activities were limited to clearing titles to land. If we are permitted to look beyond the Symes Foundation in search of the ultimate recipient of the property that it hopes to acquire, we are unable to find it. The charter of the Foundation does not name a recipient and the Foundation has not designated one. The statute, as we read it, is confined in its

operation to gifts to organizations in existence or to gifts which create exempt organizations, *Bok* v. *McCaughn*, 42 Fed. (2d) 616, and may not be extended to situations where the beneficiary either has not been organized or has not been identified. The petitioner says that a disallowance on this ground would be analogous to disallowing a deduction of a donation made to found a charitable hospital. There is a wide difference between the two cases. In the supposed case the object would be the particular hospital; here the recipient of the Foundation's funds, if and when acquired, might be any one of a number of institutions or even one whose organization is not now contemplated. We think that we would be going far beyond the statute if we attempted to say that a donation has been made to a charitable, educational, or religious institution where no institution is named or designated with sufficient particularity that it can be identified. The petitioner testified that the board of trustees of the Foundation has on it a preponderance of trustees of Adelphi College, and it was understood that that college would be the recipient of any recoveries by the Foundation. Passing the matter of the lack of proof as to whether or not Adelphi College is an educational institution, this testimony does not bind the Foundation to contribute to the college. Moreover, the charter and bylaws of the Foundation do not require that the object of its aid, if and when given, be an exempt institution. While the Foundation itself was organized as a nonprofit corporation, it does not follow that its object of applying "the principles of evangelical Christianity in human culture" by aiding institutions under Christian auspices (art. III, bylaws) would necessarily be achieved through an exclusively religious, charitable, or educational institution. It is conceivable that a corporation might be organized and operated along evangelical lines and still not be organized and operated exclusively for religious, charitable, or educational purposes. The respondent is sustained on this issue.

The deductions claimed as expenses and depreciation on the Plaza Street house after its abandonment as a residence are not allowable. The statute (sec. 23 (a), Revenue Act of 1932) allows only the deduction of expenses incurred in "trade or business", and only for depreciation of "property used in the trade or business." (Sec. 23 (k), Revenue Act of 1932.) An abandoned residence is not converted into business property by the mere listing with an agent for rent or sale. *Morgan* v. *Commissioner*, 76 Fed. (2d) 391; *Rumsey* v. *Commissioner*, 82 Fed. (2d) 158. Cf. *DeFord* v. *Commissioner*, 29 Fed. (2d) 532; *William H. Upmeyer*, 22 B. T. A. 971; *Frances G. Smith*, 23 B. T. A. 1134; *D. A. Belden*, 30 B. T. A. 601.

The salary of the secretary employed to assist in petitioner's varied activities is a deductible business expense. We think that the respondent places more stress than is warranted by the evidence on the fact that the secretary took care of petitioner's correspondence other than that directly connected with his publishing business. This, as we read the evidence, was only incidental to her chief employment as secretary to the petitioner in the conduct of his various business affairs.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

LEECH concurs in the result.

SMITH dissents.