## LARKIN et al. v. GAGE, Collector of Internal Revenue.

District Court, W. D. New York. May 21, 1928.

Slee, O'Brian, Hellings & Ulsh, of Buffalo, N. Y. (John Lord O'Brian and Ralph Ulsh, both of Buffalo, N. Y., of counsel), for plaintiffs.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., C. M. Charest, Gen. Counsel Bureau of Internal Revenue, of Washington, D. C., and Frederick W. Dewart and Paul E. Waring, Sp. Attys. Bureau of Internal Revenue, both of Washington, D. C., for defendant.

HAZEL, District Judge. In this action plaintiff seeks to recover from defendant, as Collector of Internal Revenue of the United States, $18,594.12, an assessment under the Income Tax Act of 1920, paid under protest, and in which plaintiff's claim for refund has been ignored. The undisputed facts disclose that plaintiff in his lifetime owned a house and lot on North street, Buffalo, N. Y., wherein he resided from 1901 to January, 1912,

when he removed to another house built by him in this city. The North street premises adjoined property on Summer street, which plaintiff as owner rented to another, both properties having been bought for $114,500. In 1912 plaintiff removed to his new home, abandoning the North street home, and, though continuous diligence was used to sell or rent the vacated property through realtor agencies, he was unable to do so until 1920, when both properties were sold for $40,000; plaintiff sustaining a loss on the North street property of $50,581.15. The Commissioner of Internal Revenue disallowed the loss on the North street property as a deduction from plaintiff's gross income for 1920, but allowed the deduction on the Summer street residence, on the ground that it represented a transaction entered into for profit, while the former did not.

The question for decision is whether, under the Revenue Acts, the house and appurtenances, wherein plaintiff resided, eventuated into a transaction entered into for profit, as that term is legally defined. The decision turns upon the intendment of Congress in the enactment providing for computing net income deduction. Section 214 (a) of the Revenue Act of 1918 provides as follows:

"That in computing net income there shall be allowed as deductions: * * *

"(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business. * * *"
Comp. St. § 6336⅛g (a) (5).

And Regulations 45, as amended January 28, 1921, provides:

"Art. 141. Losses.—* * * A loss in the sale of residential property is not deductible unless the property was purchased or constructed by the taxpayer with a view to its subseqeunt sale for pecuniary profit."

In view of the recent decision by the Supreme Court, affirming the decision of the Circuit Court of Appeals for the Third Circuit, in Tindle v. Heiner, 18 F.(2d) 452, I conclude that it must be determined herein that plaintiff sustained a deductible loss on sale of the property in question, and that such loss was incurred "in a transaction entered into for profit." The abandonment of the North street home, and diligent efforts put forth to rent or sell the same, satisfac-

torily shows that the former residential property was to become and did become a business transaction for gain in a commercial sense. The quoted Treasury Regulation must be read in the light of section 214 of the Revenue Act, and the phrase "business entered into for profit" accorded a broad interpretation. So interpreted, it is reasonably clear that Congress did not intend to limit the property to the permanent purpose for which it was originally used, and the narrowing regulation was not within the intendment. In the Tindle v. Heiner Case, the abandoned residence was actually rented. But plaintiff's failure is not attributable to any lack of effort on his part, and accordingly I think the principle of the cited case is apposite.

As argued at the bar by counsel for plaintiff, there were in fact two transactions involved in the ownership of the premises, namely, the initial purpose to use the premises for a residence, and subsequently setting it aside to engage in a venture for gain. Its ultimate sale involved a pecuniary loss. As said by Mr. Justice Stone in Heiner v. Tindle, 48 S. Ct. 326, 72 L. Ed. 714:

"The loss here has resulted from the sale of property not used for residential purposes by the taxpayer, and the transaction entered into for profit, and resulting in the loss was not the purchase of the property but its appropriation to rental purposes. The article of the regulations by its terms has no application to a loss so incurred."

Since writing the foregoing, a reply brief by the government is submitted, which I have considered, but I do not think that the expressed preference by Mr. Larkin to sell the property, rather than rent it, is a sufficient statement of the Wheeler evidence in relation to the efforts put forth to rent the property. He also testified that it was listed with four or more real estate agents to rent or sell it, early in 1912, with signs up "For Rent or Sale," but only succeeded in renting the garage; that the agents obtained the key from him to enable inspection of the house on various applications for sale or rental.

The additional tax was illegally assessed, and plaintiff is entitled to judgment for the amount paid, with interest and costs. The findings of fact and conclusions of law submitted by plaintiff have been signed by me.