## MORGAN v. COMMISSIONER OF INTERNAL REVENUE.
#### No. 7438.

Circuit Court of Appeals, Fifth Circuit.
March 25, 1935.

Rehearing Denied April 22, 1935.

H. Stanley Hinrichs, Frank S. Bright, and Oscar P. Mast, all of Washington, D. C., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Jos. M. Jones, Sewall Key, and S. Dee Hanson, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and Dean P. Kimball, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

The taxpayer in 1913 built a home in Rochester, N. Y., and resided in it until April, 1927, when he had to remove to Florida for his health's sake. He placed the property in the hands of a real estate agent "with instructions to diligently endeavor to rent the same in whole or in part or to sell it." Efforts to do either were unsuccessful, except that the garage was rented for a part of the year 1929, and the rental returned as income. The period of rental and the amount received are not stated. The property was sold in 1929, and a loss claimed as a deduction which was disallowed by the Commissioner and by the Board of Tax Appeals.

The loss is asserted to be deductible under Revenue Act 1928, § 23 (e) (2), 26 USCA § 2023 (e) (2), as "incurred in any transaction entered into for profit, though not connected with the trade or business."

These words in previous Revenue Acts had been by the Regulations interpreted so as not to permit deduction of a loss incurred by selling a residence. In Heiner v. Tindle, 276 U. S. 582, 48 S. Ct. 326, 327, 72 L. Ed. 714, where, as appears from the report in Id. (C. C. A.) 18 F.(2d) 452, the residence had before sale been rented under first a three-year lease and then a ten-year lease, and the rentals returned for taxation, it was ruled that: "The words 'any transaction' * * * are, broad enough to embrace at least any action or business operation, such as that with which we are now concerned, by which property previously acquired is devoted exclusively to the production of taxable income." And the loss realized afterward by sale was held deductible. Regulation 74, Art. 171, under the Act of 1928 conforms to that decision. The question here is whether a residence abandoned as such and put into the hands of an agent "to rent in whole or in part or to sell" is devoted exclusively to the production of taxable rentals, or whether indeed there is a transaction at all within the meaning of the statute. We think not. The owner did not remodel or recondition the house, or do anything that specially devoted it to rental purposes. He spoke only to his own agent, which in legal effect is speaking to himself; and his instructions were as much to sell as to rent it and a sale was the actual outcome. In the Tindle Case the leases of three and ten years were such dispositions of the property as for those periods put an end to the owner's possible use of it for a residence or his presently selling it, and no doubt the rentals were considerable. Here the taxpayer could have returned any day to his home or have sold it without hindrance. What he did does not amount to a transaction. The income from the garage we suppose was inconsiderable. The Board so treated it and there is no evidence to the contrary. The building of the house was not for profit, and there was before the sale no actual transaction respecting it sufficient to become the basis of a loss deduction under the statute. See De Ford v. Commissioner (C. C. A.) 29 F.(2d) 532. Larkin v. Gage (D. C.) 28 F.(2d) 78, though in point is not approved.

The petition to review is denied.