## RUMSEY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 239.

Circuit Court of Appeals, Second Circuit.
March 2, 1936.

Lauson H. Stone, of New York City. (David Rumsey, of New York City, of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen. (Sewall Key, Norman D. Keller, and Francis I. Howley, Sp. Assts. to Atty. Gen.), for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The questions presented by this petition are two: (1) Whether the petitioner sustained a deductible loss upon the

sale of a houseboat in 1930; and (2) whether he incurred a deductible expense in connection therewith. He had purchased the boat in May, 1924, and had used it as a summer residence until October 15, 1929. At that time, having decided to buy a larger houseboat (which he did in May, 1930), he put the old one in the hands of yacht brokers for sale or charter. The brokers attempted to sell or rent the boat by advertising it, circularizing their customers, and other similar means. At the time the boat was so listed for sale or rental, there was a market for both the sale and rental of similar boats, and it is conceded that the petitioner acted in good faith in his attempt to sell or rent his boat. It was sold for $6,000 on August 12, 1930, without having been rented in the meantime. The value of the boat on October 15, 1929, was $15,000. Its cost less depreciation at the rate of 4 per cent. per annum from date of purchase to October 15, 1929, was $15,666.67. In his income tax return for the year 1930 the petitioner deducted the sum of $9,666.67 as a loss incurred on the sale of the boat. He also deducted a sum of $2,959.50 representing expenditures for wharfage of the boat from October 15, 1929, to the date of sale and for wages of a caretaker kept on the boat during the same period. Both deductions were disallowed by the Commissioner, resulting in the deficiency complained of.

The petitioner rests his claim of a deductible loss consisting of the difference between the sale price and the cost of the boat depreciated to the date it was listed with the brokers, upon section 23 (e) (2) of the Revenue Act of 1928 (45 Stat. 800, 26 U.S.C.A. § 23 note). This permits the deduction of losses "if incurred in any transaction entered into for profit, though not connected with the trade or business." Section 24 (a) (1), 26 U.S.C.A. § 24 (a) (1) and note, forbids deduction of "personal, living, or family expenses." It is conceded that the original purchase of the houseboat was for the petitioner's personal and family use, but it is contended that the character of his ownership changed and became a "transaction entered into for profit" when he determined to sell or rent the boat and placed it in brokers' hands for that purpose. Heiner v. Tindle, 276 U.S. 582, 48 S.Ct. 326, 327, 72 L.Ed. 714, is relied upon in support of this contention. There

the taxpayer purchased land and built a house thereon which he occupied as a residence. In 1901 he gave it up as a residence and thereafter leased the property until it was sold in 1920 at a price less than its cost and less than its value on March 1, 1913. He claimed as a deductible loss the difference between the sale price and the March 1, 1913, value. The applicable provisions of the Revenue Act of 1918 (40 Stat. 1067, 1069, §§ 214 (a) (5), 215 (a) were identical with those involved in the case at bar. The Supreme Court held that such a loss was deductible but its amount had not been properly proved without a finding of the value of the property on October 1, 1901, when it was first rented. The cause was therefore remanded to make proof of that value. In the opinion Mr. Justice Stone reasoned that the words "any transaction" must be taken in their usual sense, and, so taken, are broad enough to embrace at least any action or business operation "by which property previously acquired is devoted exclusively to the production of taxable income." Article 171 of Regulations 74, promulgated under the 1928 Act, conforms to that decision. It declares the loss deductible where residence property "is prior to its sale rented or otherwise appropriated to income producing purposes and is used for such purposes up to the time of its sale."

In Morgan v. Commissioner, 76 F.(2d) 390, 391 (C.C.A.5), certiorari denied Oct. 14, 1935, 56 S.Ct. 117, 80 L.Ed. ——, the Tindle Case was distinguished upon its facts, and it was held that abandonment of a residence as such, and putting the property into the hands of an agent to rent or sell, did not constitute a "transaction entered into for profit" where no renting, except of the garage for an inconsiderable sum, occurred before the sale. In the case at bar the Board followed the Morgan Case.

The taxpayer argues with considerable persuasive force that the fact that a man first rents his house before selling it is only significant as evidentiary of his purpose to abandon it as a residence and to devote the property to business uses; that renting is not the sole criterion of such purpose, as the regulations themselves imply by the words "rented or otherwise appropriated" to income producing purposes. But we think the argument cannot prevail over counter considerations. If an owner rents, his decision is ir-

revocable, at least for the term of the lease; and if he remodels to fit the building for business purposes, he has likewise made it impossible to resume residential uses by a mere change of mind. When, however, he only instructs an agent to sell or rent the property, its change of character remains subject to his unfettered will; he may revoke the agency at any moment. Certainly it strains the language of Article 171, Regulations 74, to find that the property is "appropriated to" and "used for" income producing purposes by merely listing it with a broker for sale or rental. Until instructed by the Supreme Court that its decision in Heiner v. Tindle was intended to have a broader application, we feel constrained to follow the more natural meaning of the regulation. While in terms this applies only to "residential property," doubtless meaning a dwelling house, there is no contention that a more lenient rule could be applied to the sale of a houseboat.

We conclude therefore that the petitioner did not sustain a deductible loss on the sale of his boat nor incur deductible expenses in caring for his boat pending its sale. Order affirmed.