### ROBINSON v. COMMISSIONER OF INTERNAL REVENUE.

No. 8176.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 22, 1942.

Decided Feb. 8, 1943.

Walter W. McVay, of Pittsburgh, Pa., for petitioner.

Willard H. Pedrick, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before BIGGS, MARIS and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The question presented by the case at bar is whether or not the taxpayer is entitled to deductions for depreciation and maintenance expenses incurred in connection with her former home. The pertinent statutes are set out in the footnote [1]. The

---

[1] Revenue Act of 1936, c. 690, 49 Stat. 1648:

"§ 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

"(a) Expenses. (1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.

\*     \*     \*     \*     \*

Commissioner ruled against the taxpayer and she filed a petition to the Board of Tax Appeals which decided in favor of the Commissioner. She has filed a petition for review.

The facts are simple. For many years prior to 1931 the taxpayer lived in Pittsburgh with her family, using the property in question as her residence. In September, 1931, she inherited another property, Franklin Farms, from her mother and she then moved to it with her family and remained there up to and through the year 1937. She decided to sell or rent her former residence 'and in 1932 listed it with a real estate agent. The property was not sold or rented, however, except that after January 1, 1934, the taxpayer leased a detached garage at a rental of $25 a month to a night watchman who was guarding the premises. In her income tax returns for 1936 and 1937, the taxpayer claimed deductions for depreciation and maintenance expenses as "loss from rental property". The Commissioner allowed the taxpayer depreciation on the garage rented by the watchman but disallowed the rest of her claims. This resulted in deficiencies in taxes for 1936 and 1937, the taxable years in question. The Board of Tax Appeals held there had been no conversion of the taxpayer's former residence for use in trade or business.

Deductions are a matter of grace. New Colonial Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348. The burden is on the taxpayer affirmatively to show her right to the deductions she claims. Burnet v. Houston, 283 U.S. 223, 227, 51 S.Ct. 413, 75 L.Ed. 991. Deductions for depreciation and maintenance authorized by Section 23 may be applied only to property made use of in a trade or business. When a taxpayer leaves a former home and does not succeed in renting the property the residence cannot be deemed to have been appropriated to a business use. Most of the cases decided have involved claimed loss deductions, but the analogy presented to the case at bar is persuasive. See Morgan v. Commissioner, 5 Cir., 76 F.2d 390, certiorari denied 296 U.S. 601, 56 S.Ct. 117, 80 L.Ed. 426; Rumsey v. Commissioner, 2 Cir., 82 F.2d 158, certiorari denied 299 U. S. 552, 57 S.Ct. 14, 81 L.Ed. 406; Gervitz v. Commissioner, 2 Cir., 123 F.2d 707; Phipps v. Helvering, App.D.C., 124 F.2d 292, 139 A.L.R. 809; Peck v. Commissioner, 34 B.T.A. 402; Montgomery v. Commissioner, 37 B.T.A. 232.

The decision of the Board of Tax Appeals is affirmed and the cause is remanded to the Tax Court of the United States with leave to consider the applicability of the provisions of Section 23 of the Internal Revenue Code as amended by Section 121 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts, § 121.

---

"(e) Losses by Individuals. In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) if incurred in trade or business; or

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business;

* * * * *

"(l) Depreciation. A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, * * *." 26 U.S.C.A. Int.Rev.Code, § 23(a), (e) (1, 2), (l).