## JONES v. COMMISSIONER OF INTERNAL REVENUE.
### No. 10983.

Circuit Court of Appeals, Ninth Circuit.

Dec. 15, 1945.

·John T. Riley, Darius F. Johnson, and Richard K. Yeamans, all of Los Angeles, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, Leonard Sarner, and Maryhelen Wigle, Spc. Assts. to Atty. Gen., for respondent.

Before DENMAN, STEPHENS, and ORR, Circuit Judges.

ORR, Circuit Judge:

Petitioner and her late husband, Grover Jones, in May 1931, completed the purchase of certain real estate known as the Tiger Tail property situated in Beverly Hills, California. The purchase price was $16,500. It is admitted ·that the real estate was purchased with the intent of erecting thereon a home to be occupied by petitioner and her late husband. The purchasers, at the time of making the purchase, were assured by the real estate broker with whom they dealt that they would have no difficulty in securing ownership of some adjoining land which the purchasers desired in order to permit the erection of the kind of home they had in mind. Upon attempting to purchase the additional land they were met with a demand of what they thought to be an exorbitant price. The purchasers refused to pay the price asked and determined to build their home elsewhere. Soon thereafter they purchased a home in another location and eventually erected a home at the new location which, together with the extensive improvements made, cost $250,000.

Immediately after collapse of the negotiations to purchase the additional ground adjoining the Tiger Tail property this said property was listed with the real estate broker for sale. Purchasers received several offers of $10,000 for the Tiger Tail property but refused them. They refused to sell unless they could get their money out of it. Inasmuch as the purchasers could not realize, from a sale of Tiger Tail as it then stood sufficient to cover the purchase price, they determined to, and did, make quite extensive improvements thereon. After the death of Grover Jones petitioner sold the Tiger Tail property for $7,500.

In the income tax return filed by petitioner for the year 1940 there was deducted a loss of $17,560 sustained on the sale of Tiger Tail property. This claimed deduction was disallowed by the Commissioner of Internal Revenue. Petitioner requested the Tax Court of the United States to redetermine the taxes due and that court held that neither the listing of the Tiger Tail property for sale nor the expenditure of money and effort to promote its sale constituted a transaction entered into for profit for purposes of deducting the loss sustained under § 23 (e) (2) [1] of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 23(e) (2), from which decision petitioner appeals.

---

[1] 26 U.S.C.A.Internal Revenue Code: "Sec. 23. Deductions from gross income.

In computing net income there shall be allowed as deductions: * * *

The Tiger Tail property was purchased by petitioner and her late husband for the purpose of erecting thereon a home for their personal use. They later abandoned that intent and had they then listed the property for sale and upon its being sold a loss had been sustained such loss would have been a personal one,[2] and would not have been deductible under § 23(e) (2)[3] as having been incurred in a transaction entered into for profit.[4]

Petitioner urges that the expenditure of a considerable sum of money to improve Tiger Tail property as a residential site distinguishes the instant case from those dealt with in the authorities above cited.[5] The improvements made were for the purpose and with the intent of making the land more salable and to minimize any loss thereon and were not made for the purpose of changing the use to which the property could be put and did not convert the transaction into one entered into for profit. The Tax Court so found and in that decision we are unable to "identify a clear cut mistake of law" and, hence, the decision of the Tax Court must stand.[6]

The general purpose of § 23(e) (2) of the Internal Revenue Code and similar sections in earlier internal revenue acts is to permit deductions of capital losses whenever the capital investment is used to provide taxable income.[7] Quite a different question is presented where there is a change of character of property by devoting it exclusively to the production of taxable income, as where property is rented and there is a loss on a subsequent sale.[8]

The sole desire of the purchasers, as we understand the transaction, was to get the property in such a condition as to enable them to sell without sustaining a loss and such being the motive actuating them throughout, the petitioner does not meet the test laid down in Weir v. Commissioner, 3 Cir., 109 F.2d 996, 998, viz.:

"(e) Losses by individuals. In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

\* \* \* \* \* \* \*

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business."

[2] Phipps v. Helvering, 75 U.S.App.D.C. 90, 124 F.2d 292, 139 A.L.R. 809.

[3] Morgan v. Commissioner, 5 Cir., 76 F. 2d 390, certiorari denied 296 U.S. 601, 56 S.Ct. 117, 80 L.Ed. 426.

"\* \* \* the government says to the taxpayer with shrewd benevolence, 'If you intend to benefit us by producing taxable profits, you may take your loss, but if you don't intend to so benefit us, you cannot deduct your losses and we, furthermore will tax you on your windfalls.'"

The decision of the Tax Court is affirmed.

---

[4] Gevirtz v. Commissioner, 2 Cir., 123 F.2d 707; Rumsey v. Commissioner, 2 Cir., 82 F.2d 158, certiorari denied 299 U.S. 552, 57 S.Ct. 14, 81 L.Ed. 406; Robinson v. Commissioner, 3 Cir., 134 F.2d 168.

[5] See note 4.

[6] Dobson v. Commissioner, 320 U.S. 489, 502, 64 S.Ct. 239, 88 L.Ed. 248.

[7] Heiner v. Tindle, 276 U.S. 582, 48 S. Ct. 326, 72 L.Ed. 714.

