WILLIAM C. HORRMANN, MARIAN D. HORRMANN, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28362. Promulgated November 30, 1951.

*Robert A. Littleton, Esq.*, and *Ward M. French, Esq.*, for the petitioners.

*Robert Margolis, Esq.*, for the respondent.

## OPINION.

BLACK, *Judge:* Three issues are presented in this proceeding. All issues relate to the real property, residence and garage, at 189 Howard Avenue, Staten Island, New York, which was acquired by petitioner by a devise from his mother upon her death in February 1940.

Petitioner redecorated the house and moved into it about October 1940. Shortly thereafter petitioner sold the residence in which he was living prior to October 1940. The property at 189 Howard Avenue was used by petitioner as his personal residence until October 1942, at which time petitioner abandoned the house. Petitioner, after living in the residence for awhile, considered the property too large and too expensive and when he left he planned never to use it again as his personal residence.

Petitioner considered converting the building into apartments, but this was found to be impractical. Numerous efforts were made to rent and to sell the property. The property was sold in June 1945, and the net proceeds from the sale were $20,800. At the time petitioner acquired the property its value was $60,000, and at the time it was abandoned by petitioner as a personal residence the value was $45,000, with $35,000 allocated to land and $10,000 to the buildings.

The issue which we shall first consider is whether petitioner is entitled to a deduction for depreciation on the property during the taxable years 1943, 1944, and 1945. The applicable provision of the Internal Revenue Code is set forth in the margin.[1]

Petitioner is entitled to a deduction for depreciation at the rate of $500 per year provided the property was *held for the production of income.* In determining whether the test prescribed by statute is satisfied the use made of the property and the owner's intent in respect to the future use or disposition of the property are generally controlling. Until November 1942, the property was used by petitioner solely as a personal residence, but thereafter that use was abandoned. The mere abandonment of such use does not mean that thereafter the property was held for the production of income. But when efforts are made to rent the property as were made by petitioner herein, the

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

* * * * * * *

(l) DEPRECIATION.—A reasonable allowance for the exhaustion, wear and tear (includ ing a reasonable allowance for obsolescence)—

* * * * * * *

(2) of property held for the production of income.

property is then being held for the production of income and this may be so even though no income is in fact received from the property, *Mary Laughlin Robinson*, 2 T. C. 305, and even though the property is at the same time offered for sale. While an intention not to rent the house was indicated in May 1943, on the brochure of the real estate clearing house, efforts to rent the property were made subsequent to that time. The evidence, when considered in its entirety, supports the conclusion that petitioner continuously offered to rent the property until it was sold. In the recomputation of tax for the years 1943, 1944, and 1945, petitioner is to be allowed depreciation at the rate of $500 per year until June 1945, when the property was sold.

The second issue is whether petitioner is entitled to a deduction for expenses incurred during the taxable years for the maintenance and conservation of the property. The applicable provision of the Internal Revenue Code is set forth in the margin.[2] The same phrase appearing in section 23 (1) (2) of the Code, see footnote 1 of this Opinion, appears also in section 23 (a) (2) of the Code, the requirement being that the property be *held for the production of income*. The taxpayer in *Mary Laughlin Robinson*, *supra*, claimed a deduction for depreciation on the property and expenses for services of a caretaker. Although the taxable year there was 1937, the sections of the Code applicable there (see footnote 1 of that Opinion) contain the same standard, *property held for the production of income*, as is applicable here. We there held that the taxpayer was entitled to both the deductions at issue. In accordance with that Opinion, we hold that petitioner in the recomputation of tax for the years 1943 and 1944, is entitled to deductions for maintenance and conservation expenses of the property as itemized in our Findings of Fact.

The third issue is whether petitioner is entitled to a deduction for a long term capital loss arising from the sale in 1945 of the property at 189 Howard Avenue. Petitioner claims a deduction under the provisions of section 23 (e) (2) of the Code which are set forth in the margin,[3] and he has computed the deduction in accordance with the limitations provisions of section 117 of the Code.

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

    \*        \*        \*        \*        \*        \*        \*

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

[3] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

    \*        \*        \*        \*        \*        \*        \*

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

    \*        \*        \*        \*        \*        \*        \*

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; \* \* \*

The language of the Code sections applicable in issues one and two was *property held for the production of income*, and the language of section 23 (e) (2) of the Code is different. In order for a loss to be deductible under that section it must be incurred *in any transaction entered into for profit*. In a situation where the use of the property as a personal residence has been abandoned, and where the owner has offered the property for sale or for rent and finally sells the property at a loss, that distinction in language may result in allowing a deduction in one case and not allowing a deduction of another type. At least the cases have distinguished between the two statutory provisions, *Warner* v. *Commissioner*, 167 F. 2d 633, affirming per curiam a Memorandum Opinion of this Court. We think that the facts in respect to this issue are not materially different from those in *Allen L. Grammer*, 12 T. C. 34, and those in *Morgan* v. *Commissioner*, 76 F. 2d 390. When property has been used as a personal residence, in order to convert the transaction into one entered into for profit the owner must do more than abandon the property and list it for sale or rent, *Allen L. Grammer*, *supra*. See also *Rumsey* v. *Commissioner*, 82 F. 2d 158. In that case, in denying the taxpayer any deduction for the loss so incurred, the Court said:

The taxpayer argues with considerable persuasive force that the fact that a man first rents his house before selling it is only significant as evidentiary of his purpose to abandon it as a residence and to devote the property to business uses; that renting is not the sole criterion of such purpose, as the regulations themselves imply by the words "rented or otherwise appropriated" to income producing purposes. But we think the argument cannot prevail over counter considerations. If an owner rents, his decision is irrevocable, at least for the term of the lease; and if he remodels to fit the building for business purposes, he has likewise made it impossible to resume residential uses by a mere change of mind. When, however, he only instructs an agent to sell or rent the property, its change of character remains subject to his unfettered will; he may revoke the agency at any moment. Certainly it strains the language of Article 171, Regulations 74, to find that the property is "appropriated to" and "used for" income producing purposes by merely listing it with a broker for sale or rental. * * *

We have held that an actual rental of the property is not always essential to a conversion, *Estate of Maria Assmann*, 16 T. C. 632, but that case is not controlling here for the taxpayer there abandoned the residence only a few days after it was inherited, and then later demolished the residence. In *Mary E. Crawford*, 16 T. C. 678, which involved only the question of whether the loss was a section 23 (e) (1) loss or a section 23 (e) (2) loss, the owner-taxpayer had also demolished the residence. While we held in both cases that such action constituted an appropriation or conversion, in both cases the facts indicate that from the moment the properties were inherited the taxpayers did not intend to continue to occupy the property as their personal residence.

Here the situation is different. The petitioners in the instant case

soon after the death of petitioner's mother took immediate and decisive action, fixing the character of the property in their hands as residential. The surrounding circumstances point to this conclusion; their expenditure of approximately $9,000 in redecorating the house in preparation for their use of it as a home; their moving into the property within nine months after they acquired it; the sale of their former residence at Ocean Terrace shortly after they had moved into the Howard Avenue property; and finally, their occupancy of the Howard Avenue property for a period of about two years as a home and residence. They could hardly have gone further more decisively to fix the character of this property, originally neutral in their hands, as personal residential property.

As to the third issue, we think there was no conversion of the property into a transaction entered into for profit. Respondent did not err in determining that petitioner was not entitled to the benefits of a capital loss carry-over to 1946 for the loss sustained upon the sale in 1945 of the property at 189 Howard Avenue. *Allen L. Gràmmer, supra.*

*Decision will be entered under Rule 50.*