E. R. FENIMORE JOHNSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JANET DARBY JOHNSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 23114, 23115. Promulgated October 28, 1952.

94

*James J. Cloran, Esq.*, and *Frederick E. S. Morrison, Esq.*, for the petitioners.

*John T. Rogers, Esq.*, and *Edward Pesin, Esq.*, for the respondent.

## OPINION.

LeMire, *Judge:* The primary question is whether the petitioners sustained a deductible loss under section 23 (e) of the Internal Revenue Code on the sale in the taxable year 1945 of their former residence situate in Moorestown, New Jersey.

The petitioners contend that their former residence was abandoned about September 9, 1940, and thereafter, until the date of sale, a portion of the premises was continuously rented, constituting an appropriation of the property to business uses and entitling them to deduct the net loss in full under 23 (e) (1) of the Code. The respondent contends that as petitioners were unsuccessful in renting the main residential building, and have not shown the fair market value of the portions actually rented at the time they were leased, the petitioners have not established they sustained any deductible loss.

The petitioners recognize the established principle that a mere listing of abandoned residential property for rent or sale does not constitute an appropriation of the premises to a business use. *Morgan* v. *Commissioner,* 76 F. 2d 390, certiorari denied 296 U. S. 601; *Rumsey* v. *Commissioner,* 82 F. 2d 158, certiorari denied 299 U. S. 552; *Schmidlapp* v. *Commissioner,* 96 F. 2d 680.

The petitioners argue, however, that where the portions of the premises actually rented destroy the ability of the owner to reoccupy the premises as a residence there has been a conversion of residential property to a business use. *Heiner* v. *Tindle,* 276 U. S. 582.

The record establishes that the petitioners were not successful in renting the main residential building. However, rental income was received from the tenant house and garage from October 1, 1940, and from the barn from 1944 until the date of sale in 1945. The largest amount of rental income was received in 1944 when the total annual rental income was $455. The evidence does not disclose the character or duration of the tenancies. In the absence of such a showing, we may not assume that the portions of the premises rented destroyed the ability of the petitioners to reoccupy the premises as a residence. In the *Tindle* case, *supra,* relied upon by the petitioners, the premises were leased for long periods, putting an end to the owner's possible use as a residence. So far as revealed by this record, the petitioners could have returned any day and reoccupied the premises. The rental income received from the portion of the premises was too trivial to show a real intention on the part of the petitioners to devote the premises to income producing property. We think the facts in the instant case are

not clearly distinguishable from those involved in the *Morgan* case, *supra*, and the principle therein stated will be followed.

The fact that the petitioners have been allowed to deduct depreciation on the premises since 1940 is of no significance. Depreciation is properly allowable where property is merely held for the production of income even though in the taxable year it has produced no income and is held for sale. *Mary Laughlin Robinson*, 2 T. C. 305; *William C. Horrmann*, 17 T. C. 903.

The receipt of a small amount of rental income from certain portions of· the residential property prior to sale was insufficient to constitute a transaction appropriating the premises to property used in a trade or business or to constitute a transaction entered into for profit within the purview of section 23 (e) of the Internal Revenue Code. The respondent's determination that the petitioners sustained no deductible loss on the sale in 1945 of their former residence, Plot "A," is sustained.

There remains for consideration whether the petitioner, E. R. Fenimore Johnson, sustained a fully deductible loss on the sale of Plot "B" sold as a unit with Plot "A." Plot "B" was owned individually by E. R. Fenimore Johnson and was never used as a part of the residential property. It was unimproved real property acquired in 1940 in a nontaxable exchange for unimproved real property originally acquired in 1930 for purposes of speculation, a capital asset as defined in section 117 (a) of the Code. We think it retained its character as a capital asset until sold, unless its rental in the years 1943, 1944, and 1945 at the nominal rental of $22.50 annually created a transaction converting it to business uses.

The rental income received from Plot "B" was so trivial and inconsequential, in our opinion, as to preclude a finding that such renting created a transaction converting Plot "B" to business use. *Morgan v. Commissioner, supra*. The fact that no evidence of the fair market value of Plot "B" at the time of the first receipt of income in 1943 was presented, and the further fact that the petitioner claims a loss based on its original cost less the net unit sale price allocable to Plot "B," confirm the fact that he did not regard the receipt of such nominal income as constituting a conversion of Plot "B" from a capital asset to property used in his trade or business. We hold that the petitioner, E. R. Fenimore Johnson, on the sale of Plot "B" in 1945 sustained a long term capital loss of $6,280.93, which amount constitutes a proper deduction to the extent provided in section 117 of the Internal Revenue Code.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*