Stanley G. Paffrath and Thelma Paffrath v. Commissioner.
Paffrath v. Commissioner
Docket No. 78385.
United States Tax Court
T.C. Memo 1961-71; 1961 Tax Ct. Memo LEXIS 275; 20 T.C.M. (CCH) 348; T.C.M. (RIA) 61071; March 16, 1961
Thos. L. Zimmerman, Esq., 551 Fifth Ave., New York., N. Y., for the petitioners. Joseph Wilkes, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency of $1,730.93 in the *276 joint income tax return of Stanley G. Paffrath and Thelma Paffrath for the year 1955. The only question presented is whether a loss sustained by petitioners on the sale of a house may be deducted under the provisions of section 165(c)(2), I.R.C. 1954. Findings of Fact Some of the facts have been stipulated and are incorporated herein by reference. The petitioners are husband and wife and reside in New York City. They filed their joint return for 1955 with the director of internal revenue for the district of Upper Manhattan, New York. On June 10, 1953, Stanley G. Paffrath, hereinafter referred to as petitioner, together with his former wife, Gloria M. Paffrath, entered into a contract for the purchase of a single family dwelling, then being erected in Glenhead, Long Island, New York. The total cost including certain extras which were added to the base price was $32,258.44. Shortly after the execution of the contract of purchase petitioner and Gloria M. Paffrath separated and petitioner then decided not to use the house as a residence; however, he was unable to obtain a release from the purchase contract. Had petitioner abandoned the contract he would *277 have lost $6,000. Thereafter, by an instrument dated December 17, 1953, Gloria assigned to petitioner all her right, title and interest in the property and contract. Petitioner took title to the property on January 12, 1954. The house was completed on or about January 31, 1954. Petitioner never occupied the house, and on May 31, 1955, he entered into a contract with a broker to sell the property. It was subsequently sold for $28,569.09. Opinion Both parties agree that petitioner sustained a loss on the disposition of the property in 1955. The question presented is whether this loss sustained by petitioner is deductible as a loss incurred in a transaction entered into for a profit under section 165(c)(2), I.R.C. 1954. [1]
*278 The cases upon which petitioner relies in support of his position that the loss is deductible are distinguishable on their facts from the situation which exists here. In the cases cited, the house was either constructed, Sidney W. Sinsheimer, 7 B.T.A. 1099 (1927), Henry J. Gordon, 12 B.T.A. 1191 (1928), Minnie L. Campe, 17 B.T.A. 575 (1929); or purchased, John N. Hughes, 8 B.T.A. 206 (1927), Richard Croker, Jr., 12 B.T.A. 408 (1928), Marjorie G. Randall, 27 B.T.A. 475 (1932); "primarily for the purpose of deriving a gain upon the sale thereof", Marjorie G. Randall, supra, at page 479. In the instant case the initial acquisition by petitioner was admittedly a personal one. To come within the purview of section 165(c)(2) it is incumbent upon the petitioner to establish that the property was abandoned as a personal residence and devoted exclusively to the production of a profit. Heiner v. Tindle, 276 U.S. 582 (1928), Helen Converse Thorpe, 3 B.T.A. 1006 (1926), Joseph F. Cullman, Jr., 16 B.T.A. 991 (1929). Prior to the sale the property had never been *279 appropriated to any income producing purpose and we agree with the Regulations [2] that such an appropriation is a necessary requisite where a "conversion" from a personal use is contended, Warren Leslie, Sr., 6 T.C. 488 (1946), Allen L. Grammer, 12 T.C. 34 (1949). Also see Seletos v. Commissioner, 254 F. 2d 794, affirming a Memorandum Opinion of this Court, where taxpayer contended he abandoned his intent to use a house as a personal residence during the course of construction. The Supreme Court in Heiner v. Tindle, supra, found such an appropriation when the property "was leased * * * and * * * devoted exclusively to the production of a profit in the form of net rentals." Persuasive in reaching our decision in Helen Converse Thorpe, supra, that the taxpayer had abandoned the property as a personal residence, was the fact that "the property was rented and leased to various parties and was always on the market for sale" and that "a predominating factor in the selection of the premises was the prospect of future profit." See Joseph F. Cullman, Jr., supra.
*280 Petitioner's only affirmative external act disclosed by the evidence occurred in March 1955 more than a year after he took title when he placed the property in the hands of a real estate agent for disposition. The law is well settled that such a listing with a broker is not alone enough to bring the transaction within the statutory concept of a "transaction entered into for profit", Morgan v. Commissioner, 76 F. 2d 390 (C.A. 5, 1935), certiorari denied 296 U.S. 601; Rumsey v. Commissioner, 82 F. 2d 158 (C.A. 2, 1936); Schmidlapp v. Commissioner, 96 F. 2d 680 (C.A. 2, 1938); Warner v. Commissioner, 167 F. 2d 633 (C.A. 2, 1948), affirming a Memorandum Opinion of this Court; Sleletos v. Commissioner, supra. See also Allen L. Grammer, supra, an "exclusive" listing. In explanation of why he did not rent the property petitioner testified that he had made a number of inquiries of persons associated with real estate as to the course he should pursue in regard to the property and was advised not to rent the house, but to sell it as a new house. In Rumsey v. Commissioner, supra, a case on similar *281 facts, in which the only action taken by taxpayer was to list the property with a broker, the taxpayer argued that "the fact that a man first rents his house before selling it is only significant as evidentiary of his purpose to abandon it as a residence and to devote the property to business uses; that renting is not the sole criterion of such purpose, as the regulations themselves imply by the words 'rented or otherwise appropriated' to income producing purposes." The Court in reply said that the argument cannot prevail over counter considerations. If an owner rents, his decision is irrevocable, at least for the term of the lease; and if he remodels to fit the building for business purposes, he has likewise made it impossible to resume residential uses by a mere change of mind. When, however, he only instructs an agent to sell or rent the property, its change of character remains subject to his unfettered will; he may revoke the agency at any moment. Certainly it strains the language of Article 171, Regulations 74, to find that the property is 'appropriated to' and 'used for' income producing purposes by merely listing it with a broker for sale or rental. ** * With a view to *282 the requisites enunciated in the cases cited, we are unable to find in the evidence introduced an appropriation of the property to income-producing or profit purposes such as would entitle petitioner to a deduction for the loss incurred on the disposition of the property. It can be gleaned from the facts presented that the petitioner's motivation in completing the house may well have stemmed from a desire to minimize his personal loss on the transaction. Subsequent developments would seem to substantiate such a thesis as petitioner would have incurred a $6,000 loss had he abandoned the house when his request for a release was refused, while the eventual loss sustained on the sale of the completed house was considerably less. See Jones v. Commissioner, 152 F. 2d 392 (C.A. 9, 1945) where improvements were made for the purpose of making the land more salable and to minimize any loss. It is obvious that any question as to the fair market value of the property at the time of the conversion disappears in view of our holding that an appropriation to a business use did not occur prior to the sale. We think the loss was of a personal nature for which "no deduction shall be *283 allowed" under section 262, I.R.C. 1954. [3] The Commissioner's determination is correct. Decision will be entered for the respondent. Footnotes
1. Internal Revenue Code of 1954. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *
(c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - * * *
(2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; * * *↩
2. Regulations § 1.165-9 Sale of residential property. - * * * (b) Property converted from personal use. (1) If property purchased or constructed by the taxpayer for use as his personal residence is, prior to its sale, rented or otherwise appropriated to income-producing purposes and is used for such purposes up to the time of its sale, a loss sustained on the sale of the property shall be allowed as a deduction under section 165(a)↩.
3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩