Edward W. Grohse and Theresa Grohse v. Commissioner.
Grohse v. Commissioner
Docket No. 3249-66.
United States Tax Court
T.C. Memo 1968-47; 1968 Tax Ct. Memo LEXIS 251; 27 T.C.M. (CCH) 220; T.C.M. (RIA) 68047; March 20, 1968. Filed Edward W. Grohse, pro se, 4403A Myrtlewood Dr., Huntsville, Ala. Robert G. Faircloth, for the respondent. TIETJENS
Memorandum findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined *252 a deficiency for the year 1962 in the amount of $2,029.92. Respondent has made some concessions and these will be taken into consideration under Rule 50. The only question raised by the pleadings is whether petitioners are entitled to a deduction for the loss they incurred on the sale or exchange of their home during the taxable year 1962, under section 165(c)(2) [1] of the Internal Revenue Code of 1954. Findings of Fact Petitioners are Edward W. Grohse and his wife Theresa (hereinafter referred to individually as Edward and Theresa). They reside in Huntsville, Alabama, and resided there when the petition to this Court was filed. Petitioners filed a joint income tax return for the taxable year 1962 with the district director of internal revenue at Birmingham, Alabama. In 1952 petitioners purchased a house in Burnt Hills, New York, for $20,000. From the time of its purchase until 1961, the house was occupied continuously by petitioners and their children as their personal residence. During this period petitioners expended at least $4,000 for capital *253 improvements to the property. In September of 1960, Edward terminated his employment with General Electric Company in New York, and accepted a position with the University of Alabama. Shortly thereafter Edward moved to Alabama to assume his new position while Theresa remained in their house in New York with their children. At this time, petitioners unsuccessfully attempted to sell or rent the house. In July of 1961, Theresa and the children joined Edward in Massachusetts, where he had accepted temporary summer employment. When this employment terminated, Edward moved his family from the house in New York to Alabama where he resumed his employment with the University of Alabama. Petitioners again attempted to sell or rent the property. They selected Mr. E. J. Ryon, Schenctady, New York, to act as their real estate agent. In December of 1961, Ryon entered into negotiations for a lease with a prospective tenant. In the course of these negotiations, the prospective tenant gave Ryon the sum of not more than $35 to bind the agreement reached by the parties, the terms of which are undisclosed. Shortly thereafter, this agreement was ratified by Edward in a telephone conversation with Ryon. *254 Later, the prospective lessee changed his mind about the property and did not execute a lease. The deposit, however, was kept by Ryon to reimburse him for expenses incurred in attempting to rent the house. The house remained unoccupied from July of 1961 until May of 1962, at which time the property was conveyed to the holder of the outstanding mortgage to satisfy the mortgage debt. Petitioners filed their 1962 Federal income tax return deducting $8,919.12 as an ordinary loss from the sale of their property in Burnt Hills, New York. The amount represented the difference between $22,000, the petitioners' estimate of fair market value of the property in September 1960, and $13,080.88, the amount of the mortgage when petitioners conveyed the property to the mortgagee. In the explanation of adjustments attached to the notice of deficiency, respondent stated: * * * The deduction of $8,919.12 claimed as a loss on sale of rental property is disallowed because you have not established that you are entitled to such a deduction. * * * 221 Ultimate Finding of Fact Petitioners had not converted their home into income-producing property, prior to its sale. Opinion The only question *255 for our determination is whether the above-stated facts are sufficient to allow petitioners a deduction under section 165(c)(2)[2] for the loss they incurred from the sale of their home. Initially, we must decide whether petitioners entered into a transaction for profit with respect to the property, in order to convert it to income-producing property. It is clear from the cases that where a taxpayer merely lists his residential property with a broker to sell or rent, this is insufficient to qualify as a "transaction," which appropriates the property to income-producing purposes. E.g., Morgan v. Commissioner, 76 F. 2d 390 (C.A. 5, 1935), affirming a Memorandum Opinion of this Court, certiorari denied 296 U.S. 601; Rumsey v. Commissioner, 82 F. 2d 158 (C.A. 2, 1936), affirming a Memorandum Opinion of this Court, certiorari denied 299 U.S. 552. Moreover, this appropriation is not consummated simply by an exclusive listing. Allen L. Grammer, 12 T.C. 34 (1949). *256 Petitioners assert, however, that they did more than list the property during December 1961, in that Ryon, their agent, actually rented the property to some undisclosed person; and that this person gave Ryon a deposit of about $35 to bind an oral "lease." Petitioners continue by asserting that because there was a lease, they had fulfilled the requirement of "transaction" under section 165(c)(2). The record, however, fails to support petitioners' arguments. True, petitioners have established that there was some kind of oral understanding between an undisclosed person and Ryon concerning the possibility of renting the house. However, the petitioners have failed to prove what the parties actually agreed upon. The record is barren as to whether there was an agreement as to the amount of the monthly rental payments, the duration of the lease, maintenance of the property, or any other important provision normally incorporated in a lease. Moreover, under New York law, oral leases are only upheld under limited circumstances. See, N. Y. Gen. Obligations Law, sections 5-703.1 and 5-703.2 (McKinney 1964). Without more proof concerning this agreement, we are unable to conclude that petitioners *257 executed a valid lease of the property. In cases similar to the instant one, courts have uniformly held that there must be a lease in order for there to be a "transaction" under section 23(e)(2), Internal Revenue Code of 1939 (the predecessor of section 165(c)(2), Internal Revenue Code of 1954). Morgan v. Commissioner, supra; Rumsey v. Commissioner, supra; Schmidlapp v. Commissioner, 96 F. 2d 680 (C.A. 2, 1938), affirming on this point a Memorandum Opinion of this Court; William C. Horrmann, 17 T.C. 903 (1951). These cases reason that to qualify as a transaction converting the house into income-producing property, the taxpayer-owner must have bound himself so that he may not reacquire his original occupancy of the premises merely by changing his mind. Petitioners have failed to show that they were ever so bound by the purported agreement. We find petitioners have failed to sustain their burden of proving that their actions were sufficient to constitute a "transaction entered into for profit," and hold that they may not deduct any loss which they might have incurred from the sale of their home during 1962. *258 Further, assuming for the sake of argument that petitioners have proven a valid lease sufficient to convert the property into income-producing property, petitioners still have failed to prove a loss deductible under section 165(c)(2). To entitle them to such a loss petitioners must prove the fair market value of the property in December 1961. This is necessary so that it can be determined whether the decline in value occurred after the property had been converted into income-producing property. It is clear that only this amount of decline in value adjusted for depreciation allowed or allowable, is deductible under section 165(c)(2). See, Income Tax Regs., section 1.165-9(b)(2). Warren Leslie, Sr., 6 T.C. 488 (1946). 222 Petitioners again have failed in their burden. They have not established by any acceptable evidence the fair market value of the property as of December 1961, the date they contend it was converted. Other arguments raised by the petitioners are without merit. Unaccepted concessions offered by the respondent in attempting to settle cases do not estop him from changing his position. Cf. Botany Mills v. United States, 278 U.S. 282 (1929). *259 Nor is the respondent estopped from determining a deficiency based upon a previous refund erroneously made. Cf. Clark v. Commissioner, 158 F. 2d 851 (C.A. 6, 1946), affirming per curiam a Memorandum Opinion of this Court; Henry C. Warren, 13 T.C. 205 (1949). Petitioners have failed to establish that the loss they sustained comes within the ambit of section 165(c)(2), and we uphold respondent's determination disallowing the $8,919.12 deduction. Due to the concessions made by the respondent, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified.↩
2. SEC. 165. LOSSES. * * * (c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - * * * (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and * * *↩