DAVID L. HENRY AND MARY E. HENRY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Henry v. Commissioner
Docket No. 10198-81.
United States Tax Court
T.C. Memo 1983-277; 1983 Tax Ct. Memo LEXIS 508; 46 T.C.M. (CCH) 186; T.C.M. (RIA) 83277; May 19, 1983. David L. Henry, pro se. James E. Rogers, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined deficiencies in petitioners' 1978 Federal income taxes as follows: Petitioner
Amount
David L. Henry
$1,084.00
Mary E. Henry
$ 848.00
The *509 sole issue for decision is whether either petitioner realized a deductible loss as a result of the sale of certain real property. FINDINGS OF FACT Some of facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Columbus, Ohio, when they timely filed their separate 1978 individual Federal income tax returns with the Internal Revenue Service Center, Columbus, Ohio, and when they filed their petition in this case. Although petitioners were not married at the time of filing their petition, they filed it jointly pursuant to the permissive joinder provision of Rule 61(a). [1]
Petitioners were married in May of 1972, were divorced on January 31, 1978, remained divorced throughout 1978, and were subsequently remarried to each other. On June 24, 1976, while married to each other, petitioners purchased a house on Ruggles Road in Morrow County, *510 Ohio (hereinafter the "Ruggles Road property").The purchase price was $53,400.00 and was paid, in part, with $46,400.00 borrowed from First Federal Savings and Loan Association of Galion, Ohio (hereinafter "First Federal"). The Ruggles Road property was conveyed to and titled in the name of "Mary E. Henry, a married woman." Examination of the warranty deed used to transfer the property reveals that the name of "David L. Henry" as grantee and the identifying notation "husband and wife" were deleted from the deed at the agreement of all parties thereto. Both petitioners believed that, despite the assumption of legal title in Mary's name alone, petitioners jointly owned the property. This view was buttressed by the facts that the mortgage loan used to purchase the property was incurred in both petitioners' names, and later correspondence from the mortgage holder, First Federal, was addressed to David L. Henry. In any event, under the terms of petitioners' divorce decree dated January 31, 1978, David transferred to Mary all interest in the Ruggles Road property as part of his satisfaction of various marital obligations. Petitioners used the Ruggles Road property as their personal *511 residence from the time of its purchase in June of 1976 until at least November of 1976. After petitioners vacated the Ruggles Road property, Mary listed it for sale or for rent with several real estate agents in towns surrounding the area where the property was located. However, the property was never rented and was not sold until August 12, 1978. On that date, the Ruggles Road property was transferred to purchasers for the sum of $52,900.00 which included the assumption of the balance owed on the mortgage loan from First Federal. The warranty deed accomplishing the transfer names "Mary E. Henry, unmarried" as the sole grantor and only her signature appears on the deed. Prior to the closing of the sale of the Ruggles Road property, David executed a power of attorney dated August 10, 1978, in which he appointed Mary "as my attorney with full power to act for me, in any connection with the sale of real estate located on Ruggles Road, Morrow County, Ohio". This power was neither required nor used to convey the Ruggles Road property to its purchasers. On their 1978 tax returns, each petitioner claimed a deduction in the amount of $6,496.00 as a loss from the sale of the Ruggles *512 Road property. [2] Petitioners characterized their respective deductions as capital losses resulting from "involuntary conversion, sold pending seizure by U.S. government". Respondent disallowed these deductions as to each petitioner. For David L. Henry, the deduction was disallowed on the ground that he was not the owner of the Ruggles Road property at the time of its sale. For Mary E. Henry, disallowance resulted because it had not been established that the claimed loss was deductible under section 1033 or section 165. OPINION Petitioners maintain that respondent erred in disallowing the claimed deductions for loss from the sale of the Ruggles Road property as to each of them. With respect to David L. Henry, petitioners claim that, even if not a legal owner of the Ruggles Road property, David enjoyed an equitable ownership interest therein. Despite petitioners' earnest belief, we are not persuaded that such an interest existed. The fact that petitioners were both *513 liable for the loan from First Federal does not establish David's ownership of the property itself.Moreover, petitioners have not submitted any evidence to establish that any payments were actually made by David. In any event, the issue of David's possible equitable interest in the property was rendered moot by the terms of petitioners' divorce decree. Whatever interest, if any, David may have had in the Ruggles Road property during the pendancy of his first marriage to Mary was extinguished when, pursuant to their divorce decree of January 31, 1978, he transferred any and all his interest in the property to Mary. Therefore, we find that David was not an owner of the Ruggles Road property at the time of its sale on August 12, 1978. Where he was not an owner, any loss from the sale of the property could not have been borne, nor deducted, by him. Even if we determined otherwise and found that David was an owner of the Ruggles Road property at the time of its sale, any loss therefrom would still not be deductible by him for the same reasons that such loss is not deductible by Mary, who was the property's owner. [3] The deductibility of the loss by Mary is governed by section 165. *514 Section 165(a) sets forth the general rule that: There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. Section 165(c) modifies this general rule by imposing limitations on the deductibility of losses sustained by individuals. This section limits deductible personal losses to: (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and (3) * * * losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss sustained by an individual on the sale of property used as a personal residence does not fit within any of the categories of section 165(c) and, therefore, is not deductible under section 165(a). This result is confirmed by section 1.165-9(a), Income Tax Regs., which states: A loss sustained on the sale of residential property purchased or constructed by the taxpayer for use as his personal residence and so used by him up to the time of the sale is not deductible under section 165(a). However, the *515 regulations further state that the conversion of property from personal use to income-producing purposes will reverse this result. Section 1.165-9(b)(1), Income Tax Regs., provides: If property purchased or constructed by the taxpayer for use as his personal residence is, prior to its sale, rented or otherwise appropriated to income-producing purposes and is used for such purposes up to the time of its sale, a loss sustained on the sale of the property shall be allowed as a deduction under section 165(a).
In the instant case, it is undisputed that petitioners purchased the Ruggles Road property for use as their personal residence and occupied it as such until at least November of 1976. Thus, any loss upon sale would clearly not be deductible had a sale occurred up until that time. However, no sale occurred until August 12, 1978. Under these circumstances, the issue for determination becomes whether a conversion of use occurred *516 between November of 1976 and August of 1978. For such a conversion to have occurred, petitioners' use of the Ruggles Road property would have to have shifted from a personal to a business or profit-oriented purpose permitted under section 165(c). In Newcombe v. Commissioner,54 T.C. 1298, 1300-1301 (1970), this Court set forth a number of factors to be considered in determining whether a personal residence has been converted to property held for the production of income. Among those relevant to the facts now before us are: (1) Petitioners actually occupied the Ruggles Road property as their personal residence, thereby indicating the personal nature of expenses subsequently incurred. See Neave v. Commissioner,17 T.C. 1237 (1952); Leslie v. Commissioner,6 T.C. 488 (1946); (2) The house was not occupied during the period between its abandonment as petitioners' residence and its subsequent sale and, therefore, it was potentially available to petitioners for their personal use throughout this period. See *517 Rumsey v. Commissioner,82 F.2d 158, 159, 160 (2d Cir. 1936), affirming a Memorandum Opinion of this Court; Morgan v. Commissioner,76 F.2d 390 (5th Cir. 1935), affirming a Memorandum Opinion of this Court; and (3) Although not of great significance in this case, the fact that petitioners offered the property for rent or for sale is an element in their favor. See May v. Commissioner,299 F.2d 725, 728 (4th Cir. 1962), affirming 35 T.C. 865 (1961). However, the mere fact of petitioners' willingness to rent or sell their property is not sufficient to accomplish a conversion where the evidence clearly belies an income-producing motive. A change in attitude toward property is not enough; actual conversion of use is required. In this context, unsuccessful efforts to rent property have been held insufficient to accomplish a conversion. Gevirtz v. Commissioner,123 F.2d 707 (2d Cir. 1941). The additional step of listing a property with a real estate agent does not change this result where actual rental does not occur. *518 Grammer v. Commissioner,12 T.C. 34, 37 (1949); Morgan v. Commissioner,76 F.2d 390 (5th Cir. 1935), cert. denied 296 U.S. 601 (1935). [4]
Having considered such factors in regard to the record before us, we find that no shift from personal to income-producing purposes occurred.Petitioners' desire to rent or sell their personal residence was not motivated by any desire to enter into business or to seek profit. Rather, it was an attempt to reduce personal losses in connection with their personal residence. Petitioners themselves have so categorized their motives, stating the following on brief: The unsuccessful attempts to rent the house were incidental to the petitioners' purposes and motives. There was no goal here to enter the real estate rental business even in a small way. * * * There were no alternatives to choose from, except to try to minimize financial losses and destruction of our personal lives. Therefore, petitioners' willingness to rent or sell the Ruggles Road property and the *519 efforts of Mary E. Henry to do so did not alter the character of the property. It retained its character as a personal residence from the time of its acquisition through the time of its sale. It was never converted into property connected with a business or profit-oriented activity. Under these circumstances, we hold that the limitation of section 165(c) applies to disallow any deduction of any loss sustained on the sale of the Ruggles Road property. Finally, we note that petitioners have raised various concerns as to the authority of this Court to determine not only the correctness of the deficiencies set forth in respondent's notice, but also the underlying equity of those deficiencies.Petitioners' arguments are meritless and frivolous. In dismissing them, we note that the constitutionality of this Court has repeatedly been upheld, see e.g., Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971), and that our jurisdiction generally does not extend to the granting of equitable relief. Commissioner v. Gooch Milling & Elevator Co.,320 U.S. 418 (1943); *520 Continental Equities, Inc. v. Commissioner,551 F.2d 74 (5th Cir. 1977). The reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
2. Petitioners computed a loss of $12,992.00 on the sale of the Ruggles Road property. Based on their claimed joint ownership of the property, petitioners divided this loss equally between themselves.↩
3. We have considered various theories of deduction or disallowance advanced in this case and find them inapplicable but for those discussed in this opinion. Specifically, we reject any arguments premised on section 1033 which is inapplicable here.↩
4. See also McAuley v. Commissioner,T.C. Memo. 1976-276; Watts v. Commissioner,T.C. Memo. 1960-182↩.