RICHARD P. KOEHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26575. Promulgated June 19, 1951.

*L. Warren Baker, C. P. A.*, for the petitioner.
*Jackson L. Bailey, Esq.*, for the respondent.

OPINION.

JOHNSON, *Judge:* Respondent determined a deficiency in income tax for the calendar year 1947 in the amount of $444.63. The sole issue is whether petitioner, who successively sold two personal residences in 1947, may offset the amount of gain realized from the sale of one by the amount of loss sustained from the sale of the other. Petitioner concedes other issues raised by the petition and other adjustments made in the notice of deficiency. The facts are stipulated.

Petitioner is an individual with present residence in New York, New York. Petitioner was a resident of Dallas, Texas, on December 31, 1947, and his income tax return for the period here involved, the calendar year 1947, was filed with the collector of internal revenue for the second district of Texas, at Dallas.

On January 20, 1947, petitioner was transferred by his employer from Milwaukee, Wisconsin, to St. Louis, Missouri. On January 20, 1947, petitioner sold his personal residence in Milwaukee, which he purchased on April 10, 1945. On January 24, 1947, petitioner purchased a personal residence in St. Louis, living in such residence until November 18, 1947, at which time petitioner sold such residence and moved to Dallas, Texas.

The property descriptions, dates of acquisitions, dates of sales, amounts of costs, amounts of sales prices, expenses of sales, and gain or loss with respect to each transaction, were as follows, and were so reported in petitioner's 1947 income tax return:

| Property | Date acquired | Sold | Cost | Sale | Cost of sale | Gain or loss |
|---|---|---|---|---|---|---|
| 5707 Kent (N), Milwaukee, Wis___ | 4-10-45 | 1-20-47 | $14,123.76 | $18,000.00 | $72.80 | $3,803.44 |
| 414 Gray Ave., St. Louis, Mo_____ | 1-24-47 | 11-18-47 | 21,211.33 | 20,000.00 | 1,010.35 | (2,221.68) |

Petitioner included in his 1947 income tax return, as long term capital gain, the difference of $1,581.76 between the gain of $3,803.44 on the Milwaukee personal residence and the loss of $2,221.68 on the St. Louis personal residence. The respondent in the statutory notice of deficiency disallowed the loss claimed on the sale of petitioner's St. Louis personal residence as an offset against the gain on the sale of his Milwaukee personal residence.

Petitioner and respondent agree that the sale of the Milwaukee residence resulted in a long term capital gain of $3,803.44. Petitioner contends that the amount of loss of $2,221.68 sustained on the sale of the St. Louis residence was a long term capital loss under section 117 (a) (5), Internal Revenue Code, as a "loss from the sale or exchange of a capital asset held for more than 6 months," and that the sales of the two residences, one at a gain and one at a loss, produced a net long term capital gain as defined in section 117 (a) (8) of the Code, which states:

The term "net long-term capital gain" means the excess of long-term capital gains for the taxable year over the long-term capital losses for such year.

Petitioner's contention is without merit. Loss from the sale of petitioner's personal residence does not constitute a long term capital loss nor a deductible loss under any provision of the Code. Section 23 (e) distinctly provides for the deduction of losses only "if incurred in trade or business," or "in any transaction entered into for profit, though not connected with the trade or business," or arising "from fires, storms, shipwreck, or other casualty, or from theft." Petitioner's loss from the sale of his St. Louis residence does not qualify under any of these provisions. Moreover, Regulations 111, section 29.23 (e)–1, specifically states that "A loss on the sale of residential property purchased or constructed by the taxpayer for use as his personal residence and so used by him up to the time of the sale is not deductible." Finally, section 24 (a) (1) provides that in computing net income no deduction shall in any case be allowed in respect of personal, living or family expenses.

Petitioner, however, maintains that he has no loss from sales of personal residences but that he has a gain from such sales and that section 23 is not applicable unless the transactions result in a loss. This reasoning we must reject. The two sales were separate transactions and the question of statutory gain or loss must be considered separately as to each transaction. *Morris Investment Corporation*, 5 T. C. 583; affd. (C. A. 3, 1946), 156 F. 2d 748, certiorari denied, 329 U. S. 788; *Lakeside Irrigation Co.*, 41 B. T. A. 892, affd. (C. A. 5, 1940), 128 F. 2d 418, certiorari denied, 317 U. S. 666; *William F. Krahl*, 9 T. C. 862. To be sure, in the preparation of "Schedule D.— Gains and Losses from Sales or Exchanges of Capital Assets, Etc." of Form 1040, a taxpayer is authorized to offset gains from the sale or exchange of capital assets by losses from the sale or exchange of capital assets and to carry forward only the net result as item D (1) of the return. But, as the Board of Tax Appeals said in *Lakeside Irrigation Co., supra*, in discussing the Commissioner's instructions relating to the reporting of capital gains and losses which accompanied the income tax return the taxpayer in that case filed for 1936,

"* * * * it is perfectly plain that in authorizing losses to offset gains, the Commissioner means only those losses which are recognized as deductions by the statute." Those words are applicable to the question here at issue. Petitioner's loss on the sale of his personal residence in St. Louis, not being recognized as a deduction by the statute, may not be offset against his recognized gain on the sale of his personal residence in Milwaukee.

Petitioner cites, as authority in support of his position, the cases of *James P. McKenna*, 1 B. T. A. 326, and *Mitchell M. Frey*, 1 B. T. A. 338, in which the Board of Tax Appeals held that gambling losses may be offset against gambling gains in determining gross income. Those cases are not applicable to the determination of gains and losses from separate sales of capital assets, which we regard as controlled by the statutory provisions, cases, and regulations we have cited above.

*Decision will be entered for the respondent.*