GILBERT WILKES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22331.   Promulgated November 28, 1951.

*Stanley Worth, Esq.*, and *Edward S. Smith, Esq.*, for the petitioner.
*Paul E. Waring, Esq.*, for the respondent.

OPINION.

LEECH, *Judge:* Petitioner contends that on the sale of real property known as "Jacksonwald," in the taxable year 1945, he sustained a loss which is deductible under section 23 (e) (1) or (2) of the Internal Revenue Code.[1] Petitioner's position is that this real property was purchased by him in 1928 with the predominant purpose of later selling it at a profit, and that the loss sustained on its subsequent sale was incurred in a transaction entered into for profit within the purview of subdivision (2) of section 23 (e) of the Code. *Sidney W. Sinsheimer,* 7 B. T. A. 1099; *Henry J. Gordon,* 12 B. T. A. 1191; *W. W. Holloway,* 19 B. T. A. 378; *Minnie L. Campe,* 17 B. T. A. 575; *Marjorie G. Randall,* 27 B. T. A. 475. The respondent contends that the property was acquired for residential purposes and was used as petitioner's personal residence until its sale. *Morgan* v. *Commissioner,* 76 F. 2d 390, certiorari denied 296 U. S. 601; *Rumsey* v. *Commissioner,* 82 F. 2d 158, certiorari denied 299 U. S. 552; *W. H. Moses,* 21 B. T. A. 226. We think no benefit will ensue from an analysis of the cases relied upon by the respective parties. The issue involves the motive or intent petitioner had in acquiring the property, and whether such purpose continued throughout his ownership. The issue is one of fact and is to be resolved on the basis of the particular facts and circumstances disclosed by this record.

Although petitioner makes the argument here, in his petition he makes no allegation that "Jacksonwald" was acquired solely for realiz-

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

 (1) if incurred in trade or business ; or

 (2) if incurred in any transaction entered into for profit, though not connected with the trade or business ; or

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

ing a profit. The allegations there are that it was purchased in 1928; that he and his family occupied it as a residence from that time to the early part of 1944, when they vacated it and took up permanent residence in Washington, D. C.; and that on or about April 1, 1944, the property was converted into rental property and was rented to a tenant in April 1944 for a rental of $60 per month. Assuming the evidence does establish the fact that the property in question was purchased as a residence and was abandoned as petitioner's personal residence and devoted to rental purposes, such conversion from residential to rental property would constitute a transaction entered into for profit. *Heiner* v. *Tindle*, 276 U. S. 582. Petitioner, however, does not rely upon the conversion theory, presumably for the reason that in order to establish that he sustained a loss on that theory it would have been incumbent upon him to prove what the fair market value of the property was on the conversion date. *Heiner* v. *Tindle, supra.* No evidence of such value was offered. The facts and surrounding circumstances disclosed by this record indicate that in all probability petitioner could not establish that the fair market value at the time of conversion in April 1944 was in excess of its sale price in 1945. Petitioner testified that the property was purchased at the peak of the real estate market and that the contemplated surrounding development which would have enhanced its value, did not materialize. Hence we think it is not unlikely that the loss occurred prior to such conversion date. Thus, for the purpose of using his original cost basis to establish his loss, petitioner, at the hearing and on brief, relies upon the theory that his predominant motive and intention in acquiring the property was one of profit, and that its use for residential purposes was merely incidental. Both petitioner and his wife so testified, and he argues that we should accept their testimony as establishing such fact. The mere assertion of one's intention in entering into a given transaction is of little or no evidentiary value unless the subsequent conduct in dealing with respect thereto is consistent with such asserted intention. The purchase of residential property, its immediate occupancy and continued use as a personal residence, raise a strong presumption that the property was acquired for such purpose. To successfully rebut that presumption, the evidence must be clear and convincing. The record here is not persuasive. It shows that almost immediately after petitioner acquired "Jacksonwald" in September 1928, he moved his family into the property and they occupied the premises for a period of nearly 16 years. They had no other residence except a place which petitioner rented during the 18 months in the years 1936 and 1937 while he was operating a brewery in Salisbury, Maryland. During this absence "Jacksonwald" remained unoccupied. At no time during the period September 1928 to April 1944 was any effort made either to rent or to sell "Jacksonwald." Furthermore, it appears that as

petitioner's family increased, the premises were enlarged and facilities added to accommodate such increase.

A transaction which was not originally entered into for profit may by later change become one for profit. *Heiner* v. *Tindle, supra.* Likewise, a transaction entered into for profit may by later change become one for nonprofit. *Gevirtz* v. *Commissioner,* 123 F. 2d 707. So assuming, *arguendo,* that petitioner's original predominant motive in purchasing "Jacksonwald" was to realize a profit, his subsequent conduct with respect to such property, as set forth herein, changed the transaction into one for nonprofit. Prior to April 1944, "Jacksonwald" was definitely devoted solely to residential use by petitioner. No deductible loss is recognized on the sale of real property used as a personal residence at the time of sale. And again assuming, as heretofore mentioned, that a transaction entered into for profit resulted from the conversion in April 1944 to rental property, since the fair market value of the property at the time of such alleged conversion has not been established, we are unable to determine what loss, if any, petitioner sustained on the sale in 1945. Petitioner makes no claim that he was engaged in the real estate business. We, therefore, hold that in the taxable year 1945 petitioner is not entitled to any deductible loss as a result of the sale of "Jacksonwald" in that year, under either subdivision (1) or (2) of section 23 (e) of the Internal Revenue Code. The determination of the respondent is sustained.

*Decision will be entered for the respondent.*