MARTIN'S AUTO TRIMMING, INC.,
Plaintiff,

v.

Robert A. RIDDELL, Director of The Internal Revenue Service for the Southern District of California, Defendant.

UNITED STATES of America,
Plaintiff in Intervention,

v.

MARTIN'S AUTO TRIMMING, INC.,
Defendant in Intervention.

Civ. No. 508-58.

United States District Court
S. D. California,
Central Division.

June 17, 1959.

Phill Silver, Hollywood, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Chief, Tax Division, Lillian W. Stanley, Asst. U. S. Atty., Los Angeles, Cal., for United States of America and Robert A. Riddell.

HARRISON, District Judge.

This matter regularly came on for trial before the Honorable Ben Harrison, United States District Judge, presiding without a jury. The plaintiff and defendant in intervention having abandoned the first cause of action in its complaint and the first affirmative defense in its answer to the complaint in intervention, and having elected to go to trial only on the issue of whether or not defendant and plaintiff in intervention were estopped from collecting manufacturer's excise taxes from plaintiff and defendant in intervention by reason of the latter's alleged reliance on consistent administrative practice, if any, not to collect such taxes prior to August 18, 1952, and the Court having considered the evidence, both oral and documentary, the stipula-

tions of fact and the arguments of counsel, the Court makes its findings of fact and conclusions of law as follows:

## Findings of Fact

### I

This is an action for refund of manufacturer's excise taxes paid pursuant to 26 U.S.C. § 3403 (Int.Rev.Code of 1939) for the period from October 1, 1950, through August 18, 1952, in which the United States intervened to recover unpaid manufacturer's excise taxes for the same period.

### II

The District Court has original jurisdiction of the action pursuant to the provisions of Title 28 U.S.C. § 1340, and Title 26 U.S.C. § 7403.

### III

From October 1, 1950, to August 31, 1952, plaintiff was engaged in the business of operating an automobile upholstery shop located in the Southern District of the State of California. Plaintiff was engaged in making automobile seat covers and made and sold seat covers to individuals and to new and used car dealers. Plaintiff did not stock any of the seat covers upon which the tax in issue was based.

### IV

On December 29, 1955, the United States of America assessed against plaintiff $11,917.73 as manufacturers' excise taxes due for the period October 1, 1950, to August 31, 1952, together with interest of $2,950.63, making a total of $14,868.36, of which the sum of $9,250 has been paid, leaving a balance due thereon of $5,618.36. $2,173.08 interest to June 16, 1959, has accrued on the outstanding assessment, with interest thereafter at the daily rate of $.92 to the date of judgment. The total due and owing as of June 16, 1959, including a lien filing fee of $1.50, is $7,792.94.

### V

Of the total assessment of $14,868.36, the sum of $9,605.45 tax and $2,386 interest, and no more, relates to sales at issue in this proceeding. Said portion of the assessment in issue represents the tax applicable to sales by plaintiff of all automobile seat covers manufactured and sold to new and used car dealers between October 1, 1950 and August 18, 1952.

### VI

There has been a long standing and consistent national policy of the Commissioner of Internal Revenue to subject to tax manufacturers' sales of custom made automobile seat covers to dealers in new and used automobiles, even before the issuance of S.T. 944, 1952-2 Cum.Bull. 255 on August 18, 1952.

### VII

Prior to August 18, 1952, the Bureau of Internal Revenue had issued numerous unpublished rulings that the sale of custom made automobile seat covers by the manufacturer thereof to a dealer in new or used automobiles was subject to manufacturers' excise tax.

### VIII

Between the period of 1947 to August 18, 1952, certain members of the staff of defendant and his predecessors advised the plaintiff orally on inquiry that defendant did not require the automobile seat cover shop owner to collect an excise tax from his customers on the sale of custom made seat covers if immediately installed irrespective as to whether the purchaser was a retail customer or a new or used car dealer.

### IX

Every conclusion of law herein which is deemed to be a fact is hereby found as a fact and incorporated herein as a finding of fact.

## Conclusions of Law

### I

This Court has jurisdiction of the subject matter and the parties hereto.

### II

During the period from October 1, 1950, to August 18, 1952, the taxpayer was a manufacturer of the custom made

838

automobile seat covers in question within the meaning of 26 U.S.C. § 3403 (Int. Rev.Code of 1939).

### III

 The custom made automobile seat covers manufactured by the taxpayer during the period from October 1, 1950, to August 18, 1952, constituted automobile parts or accessories within the meaning of 26 U.S.C. § 3403 (Int. Rev.Code of 1939).

### IV

The taxpayer's sales of custom made automobile seat covers manufactured by it to new and used automobile dealers during the period from October 1, 1950, to August 18, 1952, were subject to manufacturers' excise taxes under the provisions of 26 U.S.C. § 3403 (Int.Rev. Code 1939).

### V

Prior to August 18, 1952, the Commissioner of Internal Revenue had a long standing national policy that sales of custom made automobile seat covers by the makers thereof to dealers in new or used automobiles were subject to manufacturers' excise taxes under the provisions of 26 U.S.C. § 3403 (Int.Rev.Code of 1939).

### VI

Defendant and plaintiff in intervention are entitled to judgment in their favor that the plaintiff take nothing, that the complaint be dismissed with prejudice, that the plaintiff in intervention have judgment for $7793.86 together with interest as provided by law, and that the defendant and plaintiff in intervention have their costs to be taxed by the Clerk of this Court.

### VII

Every finding of fact deemed to be a conclusion of law is hereby determined as a matter of law.

#### Judgment.

In accordance with the foregoing findings of fact and conclusions of law,

It is hereby ordered, adjudged and decreed that the plaintiff take nothing, that the complaint be dismissed with prejudice, that the plaintiff in intervention have judgment for $7793.86 plus interest as provided by law, and that the defendant and plaintiff in intervention have their costs in the sum of $20.00. Stay of execution granted for 30 days.