HAROLD K. AND VERDA MEYER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78343. Filed June 21, 1960.

*Francis J. Butler, Esq.*, for the petitioners.
*Wilford H. Payne, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The first issue we have to decide is whether petitioners are entitled to deduct their loss on the sale of their Chester Hills residence in 1955. There is no dispute that they did have a loss on such sale and there is no dispute as to the amount of the loss.

The applicable statute and regulations are printed in the margin.[1] We think the Commissioner's determination must be sustained under the applicable statute and regulations.

It is true, we think, that when petitioner purchased the Chester Hills property in 1954 he fully expected to make a profit on its ultimate sale. He so testified at the hearing and we have no reason to question the good faith of his testimony. We think the facts further show that at the time he purchased the Chester Hills property the prospects were good that he would be able to make a profit on its ultimate sale. While these facts are true, it is also true that petitioner purchased the property for use as his residence and the residence of his family until the Sprague Avenue property, construction of which was then under way, was completed. He did, in fact, use the Chester Hills residence until the Sprague Avenue property was ready for occupancy. Income Tax Regs., sec. 1.165-9, relating to losses incurred by a taxpayer in the sale of residential property, reads:

---

[1] Internal Revenue Code of 1954.
SEC. 165. LOSSES.

    (a) GENERAL RULE.—There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

    \*        \*        \*        \*        \*        \*        \*

    (c) LIMITATION ON LOSSES OF INDIVIDUALS.—In the case of an individual, the deduction under subsection (a) shall be limited to—

    \*        \*        \*        \*        \*        \*        \*

    (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; \* \* \*

Income Tax Regs.

    Sec. 1.165-1 Losses.—(a) *Allowance of deduction.* Section 165(a) provides that, in computing taxable income under section 63, any loss actually sustained during the taxable year and not made good by insurance or some other form of compensation shall be allowed as a deduction subject to any provision of the internal revenue laws which prohibits or limits the amount of deduction. This deduction for losses sustained shall be taken in accordance with section 165 and the regulations thereunder.

    \*        \*        \*        \*        \*        \*        \*

    (e) *Limitation on losses of individuals.* In the case of an individual, the deduction for losses granted by section 165(a) shall, subject to the provisions of section 165(c) and paragraph (a) of this section, be limited to—

    \*        \*        \*        \*        \*        \*        \*

    Sec. 1.165-9 Sale of residential property.—(a) *Losses not allowed.* A loss sustained on the sale of residential property purchased or constructed by the taxpayer for use as his personal residence and so used by him up to the time of the sale is not deductible under section 165(a).

A loss sustained on the sale of residential property purchased or constructed by the taxpayer for use as his personal residence and so used by him up to the time of the sale is not deductible under section 165(a).

It seems to us that there can be no doubt but that the foregoing regulations are applicable to the facts of the instant case. The fact that petitioner expected to make a profit when he purchased the Chester Hills property does not change the fact that he fully intended to use the property as the personal residence of himself and family and did so use it up to the time of sale. Under these circumstances, we think petitioners' claimed deduction for loss must be denied. Cf. *Richard P. Koehn,* 16 T.C. 1378; *Gilbert Wilkes,* 17 T.C. 865.

Petitioners cite several cases which they claim are in their favor. We have read and carefully considered those cases but we think they are distinguishable on their facts. For example, petitioners cite as a case in their favor, *Marjorie G. Randall,* 27 B.T.A. 475. That case, which was decided in the taxpayer's favor, contains a finding of fact that, "The property in question was purchased by the petitioner *primarily* for the purpose of deriving a gain upon the sale thereof." (Emphasis supplied.) We can make no such finding in the instant case. While we have made a finding that petitioners expected to make a profit on the transaction, we have also made a finding that, "Petitioner bought the house *primarily* for a residence in which to reside until his other house then under construction was completed and ready for occupancy." (Emphasis supplied.) It is this finding of ours which makes the instant case distinguishable on its facts from *Marjorie G. Randall, supra,* and other cases cited and relied upon by petitioners.

The remaining issue is whether the amount of $115 paid by the petitioners during the taxable year in connection with a dispute as to landscaping on the Chester Hills property is deductible. There is no dispute but that the legal fee was incurred and paid in the taxable year—it has been so stipulated. Both parties agree, however, that the decision on this issue is controlled by what we decide on the main issue. Petitioner contends that we should allow the deduction because we should allow the loss on the sale of the Chester Hills property. Respondent contends that the $115 legal fee should not be allowed because it was an expenditure made in connection with a landscaping dispute connected with the Chester Hills property. We have sustained respondent on the main issue. Likewise, we think we must sustain him on this issue. We do not think a legal fee of $115 incurred in connection with a dispute over the cost of landscaping improvements made on a taxpayer's personal residence is deductible. We so hold.

*Decision will be entered for the respondent.*