Owen D. Elliott and Kathryn Elliott v. Commissioner.
Elliott v. Commissioner
Docket No. 616-70.
United States Tax Court
T.C. Memo 1971-239; 1971 Tax Ct. Memo LEXIS 91; 30 T.C.M. (CCH) 1030; T.C.M. (RIA) 71239; September 21, 1971, Filed Owen D. Elliott, pro se, 614 Dolphin Pl., Corpus Christi, Tex. Daniel A. Taylor, Jr., for *92 the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency in the income tax liability of petitioners for the taxable year 1967 in the amount of $762.38. The issues presented are whether a loss incurred on the sale of a personal residence is deductible as an ordinary loss under the provisions of section 165, Internal Revenue Code of 1954, [1] or whether the respondent is bound by an erroneous interpretation of the law found in the respondent's own publication. Findings of Fact Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. The petitioners, Owen D. Elliott and Kathryn Elliott, filed a joint return for the year 1967 with the district director of internal revenue, Austin, Texas. The petitioners' legal residence on the date of filing of the petition herein was 614 Dolphin Place, Corpus Christi, Texas. Petitioner Kathryn Elliott is a party herein only by reason of having filed a joint return with her husband, *93 Owen D. Elliott, and the latter will hereinafter be referred to as the petitioner. On or about August 1, 1959, the petitioner purchased a house located at 1015 Walnut Street, Irving, Texas. The cost of this property was $24,990. The petitioner used this property as his personal residence until May 25, 1967. At that time the petitioner sold the house for a gross sales price of 1031 $22,500. Expenses of the sale were $2,236.20 and the petitioner's loss on the sale of said house was $4,726.20. In filling out his Federal income tax return for the year 1967, the petitioner referred to the Treasury Department publication entitled "1967 Form 1040 Instructions for preparing your Federal Income Tax Return." This publication on page 6 states: Line 5 - Sale or exchange of property (Schedule D). - If you sell your house, securities, or any other kind of property, use Schedule D (Form 1040) to figure your gains or losses. Enter on this line the amount shown on line 4, Part IV, page 2, Schedule D (Form 1040). Relying on these instructions, the petitioner deducted the $4,726.20 loss as an ordinary loss from the sale of his personal residence. Respondent in his notice of deficiency increased *94 the petitioner's taxable income to reflect the disallowance of this loss. Opinion The issues in the case before us are whether a loss from the sale of a personal residence is deductible, or in the alternative, whether the respondent is bound by an erroneous interpretation of the law found in respondent's own publication. Section 262 provides that "no deduction shall be allowed for personal, living, or family expenses" unless expressly allowed by some other provision of the law. Section 1.262-1(b)(4), [2] Income Tax Regs., holds that losses upon the disposition of property held for living purposes are the type of personal expenses which are not deductible. A deduction for losses sustained during the taxable year and not compensated for by insurance or otherwise is granted under section 165(a). [3]Section 165(c)(1) and (2) limits the deduction *95 for individuals to those losses incurred either in a trade or business or a transaction entered into for profit. [4]
The undisputed testimony in this case shows that the petitioner used the house as his personal residence from the day of purchase through *96 the day of sale. He does not contend that this property was at any time held for the production of income. The law is well established that a deduction is specifically not allowable under section 165(a) for the loss on the sale of a personal residence. See James E. Austin, 35 T.C. 221 (1960), affd. 298 F. 2d 583 (C.A. 2, 1962); Harold K. Meyer, 34 T.C. 528 (1960); Gilbert Wilkes, 17 T.C. 865 (1951); Richard P. Koehn, 16 T.C. 1378 (1951); and section 1.165-9(a), Income Tax Regs.[5]
It is clear that the language of the respondent's instruction booklet referred only to those losses which were recognized as deductions by the statute. Cf. Lakeside Irrigation Co., 41 B.T.A. 892 (1940), affd. 128 F. 2d 418 (C.A. 5, 1942), certiorari denied 317 U.S. 666 (1942). *97 The petitioner's contention is that even though the law is clear in this instance, the respondent is estopped from relying on the law when the taxpayer has relied on the respondent's contrary incorrect instructions. It has long been settled law that "The doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law." [6] See Automobile Club v. Commissioner, 353 U.S. 180 (1957), and cases cited therein. See also Bookwalter v. Mayer, 1032 345 F. 2d 476 (C.A. 8, 1965); Martin's Auto Trimming, Inc. v. Riddell, 283 F. 2d 503 (C.A. 9, 1960); affirming 175 F. Supp. 836 (D.C.S.D. Cal. 1959). *98 Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. Sec. 1.262-1 Personal, living, and family expenses. (b)(4) Losses sustained by the taxpayer upon the sale or other disposition of property held for personal, living, and family purposes are not deductible. But see section 165↩ and the regulations thereunder for deduction of losses sustained to such property by reason of casualty, etc.
3. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. ↩
4. SEC. 165. LOSSES. (c) Limitation on Losses of Individuals. - In In the case of an individual, the deduction under subsection (a) shall be limited to - (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; * * * Sec. 1.165-1(e), Income Tax Regs., provides,in part: (e) Limitation on losses of individuals. in the case of an individual, the deduction for losses granted by section 165(a) shall, subject to the provisions of section 165(c) and paragraph (a) of this section, be limited to: (1) Losses incurred in a trade or business; (2) Losses incurred in any transaction entered into for profit, though not connected with a trade or business; * * *↩
5. Sec. 1.165-9(a), Income Tax Regs, provides: Sec. 1.165-9 Sale of residential property. (a) Losses not allowed. A loss sustained on the sale of residential property purchased or constructed by the taxpayer for use as his personal residence and so used by him up to the time of the sale is not deductible under section 165(a)↩.
6. It is interesting to note that the petitioner has compounded the error found in the respondent's instructions. A personal residence not used in a trade or business is a capital asset. SEC. 1221. CAPITAL ASSET DEFINED. For purposes of this subtitle, the term "capital asset" means property held by the taxpayer (whether or not connected with his trade or business), but does not include - (1) stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business; (2) property, used in his trade or business, of a character which is subject to the allowance for depreciation provided in section 167, or real property used in his trade or business; (3) a copyright, a literary, musical, or artistic composition, or similar property, held by - (A) a taxpayer whose personal efforts created such property, or (B) a taxpayer in whose hands the basis of such property is determined, for the purpose of determining gain from a sale or exchange, in whole or in part by reference to the basis of such property in the hands of the person whose personal efforts created such property; (4) accounts or notes receivable acquired in the ordinary course of trade or business for services rendered or from the sale of property described in paragraph (1); or (5) an obligation of the United States or any of its possessions, or of a State or Territory, or any political subdivision thereof, or of the District of Columbia, issued on or after March 1, 1941, on a discount basis and payable without interest at a fixed maturity date not exceeding one year from the date of issue. The petitioner, however, did not list the loss from the sale of his personal residence as a long-term capital loss on his Schedule D form. Rather, he included this as a loss from "PROPERTY OTHER THAN CAPITAL ASSETS." Had the petitioner correctly followed respondent 's incorrect instructions, his maximum loss deductible would have been limited to $1,000 of ordinary income, not the $4,726.20 deduction which he incorrectly claimed.↩