Melvin Rogers v. Commissioner. Ecelle Rogers v. Commissioner.
Rogers v. Commissioner
Docket Nos. 2513-62, 2514-62.
United States Tax Court
T.C. Memo 1965-8; 1965 Tax Ct. Memo LEXIS 324; 24 T.C.M. (CCH) 36; T.C.M. (RIA) 65008; January 18, 1965
*324 Loss on a sale of certain residential property held not deductible under section 165, I.R.C. 1954, because the property was not appropriated to income-producing purposes so as to constitute a transaction entered into for profit. Melvin Rogers and Ecelle Rogers, pro se, P.O. Box 506, Bishop, Calif. Roger Rhodes for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: Respondent determined a deficiency in each of petitioners' income taxes for the calendar year 1958 in the amount of $197.01. The issue for decision is whether petitioners are entitled to a deduction for a loss suffered on the sale in 1958 of a house previously used by them as a residence. If such a loss is not allowed as a deduction, the amount of medical expenses claimed by petitioners will be correspondingly reduced. Findings of Fact Melvin and Ecelle Rogers (hereinafter referred to as Melvin and Ecelle) are husband and wife, residing in Bishop, California. They are on the cash basis of accounting and filed separate income tax returns with the district director of internal revenue at Los Angeles, California. During all periods material to this case, Melvin was employed as a collection officer *325 by the Internal Revenue Service. For several years prior to October 1956, he was in charge of the collection office in Bishop. In December 1950, Melvin and Ecelle purchased certain residential property in Bishop (hereinafter referred to as the "Bishop property"). They occupied this property as a personal residence until January 1957. In October or November 1956, Melvin was transferred by his employer from Bishop to Long Beach, California. Ecelle remained in Bishop and continued to occupy the Bishop property until January 1, 1957, when she moved to Lakewood, California, a community contiguous to Long Beach. In January 1957, Melvin leased a house in Lakewood for a one-year period with an option to renew on a year-to-year basis. He and Ecelle and their family moved into this house in January 1957 and continued to reside there for over a year. Before leaving Bishop, Melvin listed the Bishop property "for sale or rent" with the Kenneth G. Irons Agency in Bishop. Melvin was asking $17,000 for sale of the house but had set no figure for its rental. Upon learning that his employer intended to transfer him from Bishop to Long Beach, Melvin advertised the Bishop property as being "for sale or *326 rent." These advertisements appeared in the Bishop Evening Register and the Los Angeles Times and were broadcast by spot announcement on a Bishop radio station. The Bishop property was not rented prior to its sale. The Bishop property was sold in February 1958 for a gross selling price of $12,000. The expenses of sale were $643.45 and the depreciation taken prior to the sale amounted to $361.67. In November 1956 and in January 1957 the fair market value of the property in question was $15,500. Prior to its sale, the Bishop property had not been appropriated to income-producing purposes nor converted into a transaction entered into for profit. Opinion Section 165(c)(2) of the 1954 Code [1] provides that an individual may deduct "losses incurred in any transaction entered into for profit, though not connected with a trade or business." Section 1.165-9, Income Tax Regs., states that in order for a loss on a sale of property purchased or constructed by the taxpayer for use as his personal residence, the property must, prior to its sale, be rented or otherwise appropriated to income-producing purposes and be used for such purposes up to the time of its sale. n2 Petitioners have not satisfied *327 the requirements of the Code and Regulations. Petitioners acquired the Bishop property in 1950 and occupied it as a personal residence until Melvin was transferred to Long Beach in 1956. At that time, Melvin listed the property for sale or rent with a real estate broker in Bishop and so advertised it on a local radio station, in a local newspaper, and in a Los Angeles newspaper. The property was ultimately sold in February 1958 for $12,000 without having been rented. The net proceeds to petitioners were $11,718.22 after adjustments for costs of sale and depreciation [3] *328 previously taken by petitioners. This was $3,781.78 less than the fair market value of the property at the time petitioners moved away from it. On their separate income tax returns petitioners each claimed $1,000 of this amount as a long-term capital loss. Respondent has disallowed these deductions. The Bishop property was never rented prior to its sale. Cf. Joseph F. Cullman, Jr., 16 B.T.A. 991 (1929); Heiner v. Tindle, 276 U.S. 582 (1928). Neither was it "otherwise appropriated to income-producing purposes and used for such purposes up to the time of its sale," since abandoning a residence and offering it "for sale or rent" does not constitute an appropriation to income-producing purposes. Morgan v. Commissioner, 76 F. 2d 390 (C.A. 5, 1935); William C. Horrmann, 17 T.C. 903 (1951); Allen L. Grammer, 12 T.C. 34 (1949); Rumsey v. Commissioner, 82 F. 2d 158 (C.A. 2, 1936); Schmidlapp v. Commissioner, 96 F. 2d 680 (C.A. 2, 1938). Thus petitioners' loss on the sale is not deductible under section 165. Petitioners make some contention that the burden of proof has shifted to respondent pursuant to Rule 32 of the Tax Court Rules of Practice[4] *330 because their initial discussions with the Appellate Division indicated that the loss in question had been disallowed because of their failure to establish their basis in the Bishop property. The *329 "Explanation of Adjustment" in respondent's notice of deficiency stated that the loss was "not allowable because you have not established that you are entitled to such a deduction." It appears from petitioners' petitions that they were apprised of the grounds upon which respondent had relied before they filed the petitions so that they certainly had ample notice. Cf. Barbourville Brick Co., 37 T.C. 7, 14 (1961). Assuming that the original dispute was because of fair market value of the Bishop property, respondent's position that the property had not been appropriated to income-producing purposes, is not "new matter" as that phrase is used in Rule 32. See Estate of Grace M. Scharf, 38 T.C. 15, 28 (1962), affd. 316 F. 2d 625 (C.A. 7, 1963); C. D. Spangler, 32 T.C. 782, 793 (1959), affd. 278 F. 2d 665 (C.A. 4, 1960); cf. W. H. Weaver, 32 T.C. 411 (1959), affd. sub nom Bryan v. Commissioner, 281 F. 2d 238 (C.A. 4, 1960). Moreover, this case has not been resolved because of a failure of the burden of proof. Barbourville Brick Co., supra, at p. 15. In their petitions, petitioners state that since the Bishop property was completed in two stages in 1950 and 1953 this case should be decided under the Internal Revenue Code of 1939. The property was sold by petitioners in 1958. That is the taxable year before this Court, and the 1954 Code is therefore applicable. Section 7851(a)(1)(A). [5] Decisions will be entered for the respondent. Footnotes
1. All Code references are to the Internal Revenue Code of 1954 unless otherwise indicated. n2 This regulation was not promulgated until 1960, but sec. 39.23(e)-1(e), Regs. 118, its predecessor, was substantially to the same effect.↩
3. Respondent has allowed petitioners depreciation deductions on the Bishop property since section 167 provides a different legal test for deductibility. See Mary Laughlin Robinson, 2 T.C. 305 (1943); William C. Horrmann, 17 T.C. 903↩ (1951).
4. RULE 32. BURDEN OF PROOF. The burden of proof shall be upon the petitioner, except as otherwise provided by statute, and except that in respect of any new matter pleaded in his answer, it shall be upon the respondent.
5. SEC. 7851. APPLICABILITY OF REVENUE LAWS. (a) General Rules. - Except as otherwise provided in any section of this title - (1) Subtitle A. - (A) Chapters 1, 2, 4, and 6 of this title shall apply only with respect to taxable years beginning after December 31, 1953, and ending after the date of enactment of this title, and with respect to such taxable years, chapters 1 (except sections 143 and 144) and 2, and section 3801, of the Internal Revenue Code of 1939↩ are hereby repealed.