ELIZABETH M. BRADY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brady v. Commissioner
Docket No. 4465-78.
United States Tax Court
T.C. Memo 1983-163; 1983 Tax Ct. Memo LEXIS 625; 45 T.C.M. (CCH) 1079; T.C.M. (RIA) 83163; March 24, 1983. Elizabeth M. Brady, pro se. Greely S. Curtis, Jr., for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1974 of $2,304. Due to a concession by petitioner, [1] the issues for decision are: 1) whether petitioner is entitled to a $1,080 loss deduction for rental income never received, 2) whether petitioner is entitled to an $848.43 depreciation deduction and $558.39 worth of maintenance, repair, utility and insurance expense deductions attributable to a portion of her residence and 3) whether the use of different rates of taxation for single and married individuals imposes an additional "tax on state of life" not authorized in the Sixteenth Amendment to the Constitution and prohibited by the Privileges and Immunities Clause of the Constitution (Article IV, Section 2). [2]
*627 To facilitate disposition of the issues, our findings of fact and opinion are combined. Petitioner Elizabeth M. Brady resided at Narberth, Pennsylvania, at the time she filed the petition. Issue 1. Rental Loss Deduction
On her Schedule E for 1974, petitioner claimed a $1,080 loss attributable to her not being able to rent a second floor apartment in her personal residence during 1974. Petitioner calculated that such an apartment could have rented for $90 per month and computed the loss by multiplying $90 times 12 months. Petitioner contends that the loss is deductible under section 165. [3] Respondent contends petitioner may not deduct a loss attributable to unreceived rents. This precise issue was litigated previously for petitioner's 1967 and 1968 taxable years in Brady v. Commissioner,T.C. Memo. 1974-171, affd. without published opinion 513 F.2d 625 (3rd Cir. 1975), cert. denied 423 U.S. 912 (1975). In that case, we denied petitioner the identical $1,080 loss deductions she claimed *628 for each of her taxable years 1967 and 1968, stating: Even if all allegations of fact in the petition are true, section 165 of the Code does not permit the claimed deductions. Subsection (a) of that section allows a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." However, that section is addressed to losses actually sustained from closed and completed transactions fixed by identifiable events, not to losses of anticipated income. "Nothing in * * * [section 165] indicates that Congress intended to allow petitioner to reduce ordinary income actually received and reported by the amount of income * * * [she] failed to realize." Hort v. Commissioner,313 U.S. 28, 32 (1941). Since the law has not changed, we deny such claimed deduction again for her 1974 taxable year. Issue 2. Depreciation, Maintenance and Utility Expenses
Sometime prior to 1961, petitioner and her older half-sister began living at a house at 219 Price Avenue, Narberth, Psnnsylvania. After petitioner and her sister moved in, they learned that a prior owner (though not the immediately prior owner) had rented out a second floor *629 apartment in the house. Petitioner's sister rented out the second floor apartment prior to 1958, but not thereafter. In 1961, petitioner's sister died. At some point during the 1960's, petitioner decided it might be a good idea to rent out the second floor apartment and convert the third floor to another rental apartment. Neither floor was then in a condition to be rented, so petitioner hired a plumber to put in new plumbing. Petitioner was dissatisfied with the initial work done and in 1971 attempted to have the plumbing work redone. Repairs to the plumbing began in December, 1971, and continued through 1973. In 1973, some electrical work was done on petitioner's house. Some of this electrical work was paid for in 1974. In 1973 petitioner had a heart attack. As a result, in 1974 she did little further to make the second and third floors of her house into rentable apartments. Petitioner did, however, have some carpentry work done in 1974 and 1975. In 1974, petitioner did not offer the second or third floors of her house for rent because they were in no condition to be rented. In 1977 and 1978, petitioner went to several architects to get drawings for new stairways and *630 entrances to the second and third floors. Petitioner rejected the drawings she obtained, however.
On her 1974 return, petitioner claimed an $848.43 depreciation deduction attributable to one-half her claimed basis in the house. Petitioner further claimed deductions of $22.34 for "Electric and Gas Meters 2nd Fl.," $14.31 for "Electric and Gas Meter 3rd Fl.," $61, $303.56 and $157.18, respectively, for one-half of household expenses for fire insurance, oil and miscellaneous maintenance, repair and other expenses. In the statutory notice, respondent disallowed each of these depreciation and non-depreciation items on the grounds they did not qualify as ordinary and necessary business expenses and were unsubstantiated. Respondent has since conceded the substantiation issue. Respondent claims that petitioner was not in the trade or business of renting and that she did not hold part of her residence for the protection or collection of income in 1974. Accordingly, he argues, petitioner is entitled to no depreciation under section 167 and to none of the disallowed non-depreciation deductions either under section 162 or section 212. Petitioner, on the other hand, claims that she *631 held the upper portion of her residence for the production of income in 1974 and hence depreciation is allowable under section 167(a)(2) and the remaining expenses are deductible under section 212. [4] Petitioner relies on section 1.212-1(b), Income Tax Regs., which provides in pertinent part: (b) The term "income" for the purpose of section 212 includes not merely income of the taxable year but also income which the taxpayer has realized in a prior taxable year or may realize in subsequent taxable years; * * *. Similarly, ordinary and necessary expenses paid or incurred in the management, conservation, or maintenance of a building devoted to rental purposes are deductible notwithstanding that there is actually no income therefrom in the taxable year, and regardless of the manner in which or the purpose for which the property in question was acquired. Petitioner makes no argument she held the upper portion of her residence for future appreciation, but does contend she held those floors for future rental purposes. *632 A necessary procondition for the current deduction of expenses and depreciation attributable to property at one time held as a personal residence is the abandonment of that property as the taxpayer's residence. Robinson v. Commissioner,2 T.C. 305 (1943). "Proof of abandonment is, however, only the first hurdle petitioner must overcome * * *." Meredith v. Commissioner,65 T.C. 34, 41 (1975). The taxpayer must also show an intention to profitably rent the property; Meredith v. Commissioner,supra at 41; in this regard actual rental or offering the property for rent is a highly relevant factor. McGuire v. Commissioner,77 T.C. 765, 778 (1981); Melone v. Commissioner,45 T.C. 501 (1966); Horrmann v. Commissioner,17 T.C. 903 (1951). In the instant case, petitioner has failed to meet even the first hurdle. The record is simply devoid of any evidence that petitioner abandoned the use of the second and third floors of her house as a personal residence at any time before or after 1974. Over the course of two decades she may have made various alterations to the upper stories of *633 her house in anticipation of future rental, but she did not rent the apartments or offer them for rent prior to 1978, or possibly thereafter. For all we know, petitioner continued to live in the entire house during 1974. (For example, there was no testimony that the second and third floors were blocked off from the first floor at that time.) Accordingly, we cannot find that the upper portion of petitioner's house was held for the production or collection of income in 1974. Since petitioner has not shown any nonresidential use of the house in 1974, no deductions under sections 167 and 212 are allowable. Petitioner alleges that in prior taxable years she claimed similar depreciation and maintenance deductions which respondent did not disallow. Whether or not this is true, it is no ground for allowing these deductions here. McGuire v. Commissioner,supra at 779-80. Issue 3. "Tax on State of Life" Petitioner argues that the Internal Revenue Code imposes an additional "tax on state of life" not authorized by the Sixteenth Amendment. She further argues that treating married and single people differently is a "disparity of equality of persons under *634 the law," and violates Article IV, Section 2, Clause 1, of the Constitution ("The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.") Petitioner apparently derives her additional "tax on state of life" from a comparison of the single and married tax tables contained in section 1.Petitioner's Sixteenth Amendment and equal protection arguments were considered and rejected in Kellems v. Commissioner,58 T.C. 556 (1972), affd. per curiam 474 F.2d 1399 (2nd Cir. 1973). With regard to petitioner's Privileges and Immunities Clause argument, we quote from Estater v. Commissioner,T.C. Memo. 1964-58, affd. per curiam 338 F.2d 968 (4th Cir. 1964): [T]his clause is directed against discrimination by a state in favor of its own citizens and against the citizens of other states. Whitfield v. Ohio,297 U.S. 431. In Slaughter-House Cases,83 U.S. 36, it was stated with regard to this clause: Its sole purpose was to declare to the several States, that whatever those rights, as you grant or establish them to your own citizens, or as you limit *635 or qualify, or impose restrictions on their exercise, the same, neither more nor less, shall be the measure of the rights of citizens of other States within your jurisdiction.
It is thus clear that this clause is a limitation upon the powers of the states and has no application to Federal tax statutes or the administration thereof. Consequently, we find no constitutional violation of the Privileges and Immunities Clause, the Fifth Amendment or the Sixteenth Amendment in the disparate Federal tax treatment of married and single individuals. Decision will be entered for the respondent.
Footnotes
1. Petitioner deducted a claimed Schedule E loss of $4,534.28 twice on her return -- once on Schedule A and again on Form 1040, line 31 (the line for reporting schedule E income). At trial petitioner admitted that deducting this amount twice was a "mistake." Accordingly, we consider the issue of respondent's disallowance, on grounds of duplication, of one of the $4,534.28 deductions conceded. ↩
2. In addition, petitioner has raised the issue of respondent's alleged application of a refund check to an unspecified assessment relating to a prior taxable year. This is a matter over which we have no jurisdiction. See White v. Commissioner,T.C. Memo. 1974-146↩.
3. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩
4. Petitioner makes no argument she was in the trade or business of renting in 1974 and clearly on this record she is not entitled to deduct the non-depreciation items under section 162. Cf. McGuire v. Commissioner,77 T.C. 765, 778 (1981); Goodwin v. Commissioner,75 T.C. 424 (1980), affd. without published opinion 691 F.2d 490↩ (3rd Cir. 1982).