MARVIN E. FOSTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Foster v. Commissioner
Docket No. 33992-87
United States Tax Court
T.C. Memo 1990-427; 1990 Tax Ct. Memo LEXIS 444; 60 T.C.M. (CCH) 466; T.C.M. (RIA) 90427; August 8, 1990, Filed *444 Decision will be entered under Rule 155. Marvin E. Foster, pro se. Elizabeth Downs, for the respondent. JACOBS, Judge. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to the Federal income taxes of petitioner and his former wife, Marilyn J. Foster, as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
Sec. 6661
1983
$ 10,031.54
$ 501.58
*
$ 2,507,89
1984
5,577.67
278.88
*
1,394.42
The issues for decision are: (1) whether petitioner received, but failed to report, Schedule C income in the amount of $ 4,435.70 for 1983; (2) whether he received, but failed to report, taxable interest income in the amount of $ 369 for 1983; (3) whether he received, but failed to report, taxable unemployment compensation in the amount of $ 5,712 for 1983; (4) whether he is entitled to deduct Schedule C expenses with respect *445 to his employment as an insurance claims adjuster in excess of the amounts determined by respondent for both years; (5) whether he is entitled to deduct Schedule C expenses in 1984 with respect to the 150 Psalm group, a gospel music group which he formed, in excess of the amounts determined by respondent; (6) whether he is entitled to a dependency exemption deduction for his daughter for both years; (7) whether he is entitled to deduct charitable contributions in excess of the amounts allowed by respondent for both years; (8) whether he is entitled to deduct Schedule E depreciation and expenses for both years with respect to a condominium which he offered for rent; (9) whether he is liable for additions to tax pursuant to section 6653(a)(1) and (2) for both years; and (10) whether he is liable for the additions to tax pursuant to section 6661 for both years. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. Petitioner resided in Houston, Texas, at the time he filed his petition. Although the notice of deficiency was sent to petitioner and Marilyn J. Foster, petitioner's *446 then wife, she did not file a petition with this Court. Petitioner and Marilyn J. Foster filed joint 1983 and 1984 Federal income tax returns which were prepared by a certified public accountant. Petitioner was a self-employed insurance claims adjuster during the years in issue. Because the issues to be decided are factual, our findings of fact and opinion for each issue are combined, and each issue is discussed separately. 1. Schedule C Income for 1983
Respondent determined that petitioner received, but failed to report, taxable income in the amount of $ 4,435.70 in 1983. He determined that petitioner made no transfers or other nontaxable deposits during 1983. Petitioner deposited checks he received into his checking account. He then wrote checks for deposit into his savings account, which he maintained for emergency expenses. When he required money from his savings account, he withdrew the money and deposited it into his checking account. Petitioner contends he reported all of the income he received on his Federal income tax return. We found him to be a credible witness and his explanation of the deposits at issue to be reasonable. Accordingly, we find that petitioner met his *447 burden of proving that he did not receive unreported Schedule C income in 1983 as determined by respondent. 2. Unreported Interest Income
Respondent determined that petitioner received, but failed to report, taxable interest income in 1983 in the amount of $ 369. Because petitioner failed to present any evidence with respect to this issue, we sustain respondent's determination. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). 3. Unreported Unemployment Compensation
Respondent determined that in 1983 petitioner received, but failed to report, unemployment compensation in the amount of $ 5,712. Petitioner presented no evidence with respect to this issue; hence, respondent's determination is sustained. Section 85 generally provides that if the sum of a taxpayer's adjusted gross income (modified as provided in subsection (a)) and the unemployment compensation received exceeds the base amount of $ 18,000 for individuals filing joint returns in 1983, gross income includes the lesser of (a) the unemployment compensation received or (b) one-half of the excess of modified adjusted gross income and unemployment compensation benefits over the base amount. Sec. 85(a)(1) and (2), (b)(2). *448 The determination of whether, and to what extent, petitioner's unemployment compensation is includable in his income can be determined by the parties in the Rule 155 computation. 4. Schedule C Deductions -- Insurance Claims Adjuster
Petitioner reported gross income of $ 49,669.59 and $ 35,919.43 in 1983 and 1984, respectively, from his employment as an insurance claims adjuster. He claimed, and respondent disallowed, deductions in relation thereto as follows: 1983
Allowed by
Disallowed by
Expense
Claimed
Respondent
Respondent
Car Expense
$ 12,400.00 $  5,322.00 $  7,078.00
Commissions
4,967.00 4,967.00
Laundry & Cleaning
2,550.00 2,550.00
Office Expense
3,500.00 3,500.00
Supplies
5,492.00 5,492.00 Rent on Business
Expenses
3,000.00 216.75 2,783.25
Insurance
1,021.00 1,021.00
Advertising
25.00 25.00 Bank Charges
120.00 120.00 Utilities & Telephone
1,600.00 802.57 797.43
Travel and
Entertainment
300.00 300.00 License
15.00 15.00 Math Error
<20.00>
<20.00>
Totals
$ 34,970.00 $ 12,273.32 $ 22,696.68
1984
Allowed by
Disallowed by
Expense
Claimed
Respondent
Respondent
Car Expense
$ 8,620.66
$ 3,566.66
$  5,054.00   Commissions
3,591.94
3,591.94   Laundry & Cleaning
2,550.00
2,550.00   Office Expense
2,514.36
2,514.36   Supplies
3,951.13
2,746.27
1,204.86   Rent on Business
Equipment
3,000.00
225.00
2,775.00   Insurance
1,021.00
1,021.00   Advertising
25.00
25.00
Bank Charges
121.00
121.00
Dues and Publications
46.00
46.00
Telephone & Utilities
1,077.58
529.51
548.07   License
15.00
15.00
$ 26,533.67
$ 7,274.44
$ 19,259.23   *449 Section 162(a) permits the deduction of ordinary and necessary business expenses. However, deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner bears the burden of proving that he is entitled to his claimed deductions. Welch v. Helvering, supra; Rule 142(a). Petitioner is required by section 6001 to maintain records sufficient to establish the amount of all deductions claimed by him on his income tax returns. He presented neither testimony nor documentation with respect to his claimed deductions for supplies, utilities, telephone, and travel and entertainment. We therefore sustain respondent's determination regarding such expenses. Petitioner deducted $ 12,400 and $ 8,620.66 for car expenses in 1983 and 1984, respectively. Respondent disallowed such expenses in the amounts of $ 7,078 and $ 5,054, respectively. Petitioner determined the amounts based upon his "reimbursement mileage" and claimed a deduction of 35 cents per mile because he was reimbursed at that rate. We find the amount of his claimed deductions to be excessive and respondent's determination to be reasonable and correct with respect to these car *450 expenses. Petitioner deducted laundry and cleaning expenses in the amount of $ 2,550 for both years. He incurred the expenses for the cleaning of his suits and other clothes he wore to work. We find that they are nondeductible personal expenses. Sec. 262; see Roberts v. Commissioner, 10 T.C. 581, 585 (1948), affd. on other grounds 176 F.2d 221 (9th Cir. 1949). Petitioner conducted his business from a 12-foot by 14-foot room in his 1500-square-foot home which he purchased in 1982 for $ 75,000. He claimed home office expenses of $ 3,500 and $ 2,514.36 in 1983 and 1984, respectively. He did not know how these amounts were determined; he simply provided his certified public accountant with requested information. He conceded that the claimed amounts may be inaccurate. He failed to meet his burden of proving error in respondent's determination. Consequently, he is entitled to home office deductions of only $ 862 and $ 784 for 1983 and 1984, respectively, as allowed by respondent. Petitioner deducted $ 3,000 for rent on business equipment in both 1983 and 1984. The claimed deductions were for payments he was required to make on an automobile lease. Petitioner neither presented documentation *451 with respect to these payments nor evidence regarding the level of business use of the automobile. Therefore, we sustain respondent's determination with respect to these expenses. Petitioner also deducted $ 1,021 in both 1983 and 1984 for insurance he was required to maintain on the leased automobile. Respondent disallowed the entire amount in both years. Petitioner failed to present documentation for his insurance payments and the business purpose of such payments. Therefore, respondent's determination is sustained. Petitioner also claimed deductions for commissions in the amounts of $ 4,967 in 1983 and $ 3,591.94 in 1984. Although petitioner testified that he presented withdrawal slips to respondent as proof of these expenses, he presented no evidence to this Court to rebut the presumption of correctness which attaches to respondent's determination. Therefore, respondent's disallowance of such deductions is sustained. 5. Schedule C. Expenses: 150 Psalm Group
The 150 Psalm group is a contemporary gospel music group that petitioner formed in 1979. Petitioner manages and performs with the 10-member group which primarily performs in churches without pay. The 150 Psalm group played *452 at the World's Fair in New Orleans, Louisiana, in 1984 for which it was paid $ 1,800. The group's expenses exceeded that amount, but since petitioner wanted to increase the group's exposure, he accepted the engagement. Petitioner used the $ 1,800 to pay a portion of the group's expenses. He reported the $ 1,800 as income on Schedule C of his 1984 return and deducted expenses of $ 2,754.70 for commissions, airline tickets, hotel accommodations, a rental car, and a uniform. Respondent disallowed $ 2,653.23 of the claimed expenses. Petitioner presented no evidence with respect to his claimed deductions for commissions and uniforms. Hence, respondent's determination with respect to these items is sustained. Assuming, arguendo, that petitioner's involvement in the 150 Psalm group rose to the level of a trade or business, nevertheless, he is not entitled to a deduction for the airline tickets, hotel and rental car because, to be deductible, traveling expenses must meet the strict substantiation requirements of section 274(d). Such substantiation includes adequate records or sufficient evidence corroborating the taxpayer's own statement with respect to (A) the amount of such expense *453 or other item, (B) the time and place of the travel, and (C) the business purpose of the expense or other item. Sec. 274(d). Petitioner presented no records or other evidence corroborating his statement with respect to the 150 Psalm group expenses. Therefore, respondent's determination is sustained. 6. Claimed Dependency Exemption Deduction
On his 1983 and 1984 returns petitioner claimed a dependency exemption deduction for his daughter, Hermina, who was born in 1973. Respondent disallowed the deduction for both years. Hermina did not live with petitioner during the years in issue, but he paid support to her mother in the amount of approximately $ 125 to $ 150 per month. The payments were not made pursuant to a court order. Petitioner was unsure of the amount of support Hermina's mother provided for her daughter. Individual taxpayers are permitted deductions for personal exemptions for dependents, which include the children of the taxpayer. Sec. 151(a), (c)(1) and (2). However, to be entitled to an exemption for a dependent, a parent generally must provide over one-half of the support of his claimed dependent. Sec. 152(a); see also sec. 152(e). Petitioner failed to prove *454 that he provided over one-half of the support for his daughter; thus, he is not entitled to a dependency exemption deduction for her. 7. Claimed Deductions for Charitable Contributions
On his 1983 and 1984 tax returns, petitioner claimed charitable contribution deductions in the respective amounts of $ 2,015 and $ 2,000. The only charitable contributions he was able to verify during his audit were contributions to his church which he made by check. At trial, he testified that he contributed additional cash sums to his church as well as to 10 to 15 other churches at which the 150 Psalm group performed. He kept a record on a calendar of his group's engagements which averaged at least two per month, and at each engagement he contributed $ 15 to $ 25 to the church. He did not retain the calendar. In 1983 and 1984, petitioner's church verified that he contributed $ 1,143.12 and $ 985, respectively. Respondent disallowed petitioner's deductions in the amounts of $ 856.88 and $ 1,015, approximately the amounts by which his claimed deductions exceeded the amounts verified by petitioner's church. We found petitioner's testimony to be credible; we believe that he contributed to various *455 churches at which he performed with the 150 Psalm group. In these circumstances, we find that petitioner is entitled to additional charitable contributions of $ 500 per year in excess of the amounts allowed by respondent. Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). 8. Schedule E Condominium Expenses and Depreciation
Petitioner purchased a condominium in 1978 for $ 29,500. He resided in it until 1982, when he purchased a house. In 1982, he listed the condominium for rent through a real estate agency, but was unable to rent it. From 1982 through 1984, it remained vacant. On Schedule E of his 1983 and 1984 tax returns, petitioner deducted $ 2,953 for cleaning and maintenance, $ 68.68 for insurance, $ 590.40 for taxes, and $ 3,289 for depreciation. Respondent disallowed all of the deductions claimed by petitioner with respect to his condominium, except for the deduction for taxes. In order to be allowed deductions under sections 162, 167 or 212 with respect to his condominium, petitioner must prove that his rental activity with respect to the condominium was undertaken with the objective of making a profit. Levy v. Commissioner, 91 T.C. 838, 871 (1988); Jasionowski v. Commissioner, 66 T.C. 312, 319 (1976). *456 The fact that petitioner once resided in the condominium is not fatal to his claimed deductions because ordinary or necessary expenses paid or incurred in connection with the management, conservation, or maintenance of property held by the taxpayer as rental property are deductible even though such property was formerly held by the taxpayer for use as a home. Sec. 1.212-1(h), Income Tax Regs. Whether petitioner converted the condominium from use as a home to rental property depends upon his purpose and intention in light of all the facts and circumstances. Newcombe v. Commissioner, 54 T.C. 1298, 1303 (1970). Residential property has been considered to have been held for the production of income even when the owner has been unsuccessful in his efforts to rent the property. Briley v. United States, 298 F.2d 161 (6th Cir. 1962); Horrmann v. Comissioner, 17 T.C. 903 (1951); Robinson v. Commissioner, 2 T.C. 305 (1943); see also Sec. 1.212-1(h) Income Tax Regs.
We find that petitioner acted with a profit objective when he listed his condominium for rent through the real estate agency. Therefore, he is entitled to deduct the ordinary and necessary expenses he incurred in conjunction with *457 this activity. The insurance expense of $ 68.68 was ordinary and reasonable in amount and is deductible in full in both 1983 and 1984. However, in our opinion, the $ 2,953 petitioner incurred in cleaning and maintaining the condominium was excessive. We hold that he is entitled to deduct only $ 500 per year for cleaning and maintenance. Since petitioner's property was placed in service prior to 1981, his depreciation deductions are determined pursuant to section 167 rather than section 168. Hood v. Commissioner, T.C. Memo. 1988-205. He is therefore allowed deductions based on depreciation rules in effect prior to 1981. 9. Section 6653(a)(1) and (2) Additions to Tax
Pursuant to section 6653(a)(1) and (2), additions to tax are imposed against a taxpayer for negligence or intentional disregard of rules and regulations. For purposes of section 6653(a), negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner bears the burden of proving that he is not liable for the additions to tax. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). Generally, *458 taxpayers are required to maintain records sufficient to establish the amount of any deductions claimed on their tax returns. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Petitioner's failure to keep adequate records with respect to his various activities constitutes negligence within the meaning of section 6653(a). Therefore, respondent's determination of additions to tax under section 6653(a)(1) and (2) is sustained. 10. Section 6661 Additions to Tax
Respondent determined that petitioner's understatements of tax were substantial and that he is liable for the additions to tax pursuant to section 6661. An understatement is substantial if it exceeds the greater of $ 5,000 or 10 percent of the amount required to be shown on the return. Sec. 6661(b)(1)(A). The amount of the understatement is reduced by the portion of the understatement which is attributable to a taxpayer's treatment of an item if there is or was substantial authority for such treatment or if the relevant facts affecting the item's tax treatment are adequately disclosed on the return or in a statement attached to the return. Sec. 6661(b)(2)(B)(i) and (ii). Items for which there is adequate disclosure are treated *459 as if such items were shown properly on the return for the taxable year in computing the amount of tax shown on the return. Although the statute does not set forth what constitutes "adequate disclosure" of "relevant facts," the regulations amplify the two ways in which a taxpayer can satisfy the adequate disclosure standard under section 6661(b)(2)(B)(ii), i.e., disclosure in statements attached to the return, section 1.6661-4(b), Income Tax Regs., and disclosure on the return, section 1.6661-4(c), Income Tax Regs. Petitioner did not attach a statement to his return; thus, the adequate disclosure standards of section 1.6661-4(b), Income Tax Regs., are not applicable. Section 1.6661-4(c), Income Tax Regs., provides that respondent may prescribe the circumstances in which information provided on the return will be adequate disclosure for purposes of section 6661. Pursuant to such authority, respondent issued Rev. Proc. 84-19, 1984-1 C.B. 433, applicable to returns filed in 1984, and Rev. Proc. 85-19, 1985-1 C.B. 520, applicable to returns filed in 1985. These revenue procedures detail categories of controversies and their forms of reporting which will constitute adequate disclosure. *460 According to the revenue procedures, petitioner's disclosure of his charitable contributions deductions was adequate. The other items at issue were not addressed in the revenue procedures. However, where a taxpayer fails to comply with the revenue procedures issued pursuant to section 1.6661-4(c), Income Tax Regs., the requirements of adequate disclosure on the return can nonetheless be met if the return provides sufficient information to enable respondent to identify the potential controversy involved. This standard of disclosure requires "greater disclosure than is necessary to avoid the six-year statute of limitations provided for in section 6501(e)(1)(A)." Staff of Joint Committee on Taxation, General Explanation of the Tax Equity and Fiscal Responsibility Act of 1982, p. 218. The disclosure required under section 6501(e)(1) must give an adequate "clue" for respondent to observe and investigate the item being adjusted. University Country Club, Inc. v. Commissioner, 64 T.C. 460, 470 (1975), citing Colony, Inc v. Commissioner, 357 U.S. 28 (1958). The "clue" must be direct and informative. Petitioner's disclosure of his Schedule C expenses with respect to both his employment as *461 an insurance claims adjuster and his involvement with the 150 Psalm group gave respondent more than a "clue" and therefore was adequate for purposes of section 6661. Petitioner also adequately disclosed his Schedule E expenses as well as information relating to his claimed exemption for his daughter. However, he did not adequately disclose, nor was there substantial authority for his failure to report, his interest income and unemployment compensation. The applicability and extent of the section 6661 additions to tax can be determined by the parties in the Rule 155 computation. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the years at issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations.↩